COLLETT ET AL., APPELLEES, v. COGAR, APPELLANT.

[Cite as Collett v. Cogar (1988), 35 Ohio St. 3d 114.]

(No. 87-711—Decided February 10, 1988.)

Lavelle, Carson, Lavelle & Lavelle and *Herman A. Carson,* for appellees.

*Gwinn & Wallace* and *Susan L. Gwinn,* for appellant.

LOCHER, J. Appellant contends that appellees should not be allowed to bring an action under R.C. Chapter 3111, for otherwise the statute would be given unconstitutional retroactive effect. Appellant argues that the declaration of paternity signed by Charles Collett in July 1979 is a final judgment which may not be overturned in an action subsequently brought under R.C. Chapter 3111. For the reasons that follow, we find no merit in appellant's contentions, and we affirm the judgment of the court of appeals.

The first issue we must address is whether the declaration of paternity signed by Charles Collett does in fact have the force of a final judgment. If so, the doctrine of *res judicata* would act as a bar to appellees' action under R.C. Chapter 3111. As we recently held in the syllabus to *Gilbraith* v. *Hixson* (1987), 32 Ohio St. 3d 127, 512 N.E. 2d 956, "[t]he doctrine of *res judicata* can be invoked to give conclusive effect to a determination of parentage contained in a dissolution decree or a legitimation order, thereby barring a subsequent paternity action brought pursuant to R.C. Chapter 3111." See, generally, *Norwood* v. *McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E. 2d 67, paragraph one of the syllabus. Obversely, where there is no prior judgment of paternity, the doctrine of *res judicata* does not act as a bar to a legitimation action subsequently brought by or on behalf of a child under R.C. Chapter 3111.

In the case *sub judice,* the issue of Brandie's paternity has never been reduced to judgment. The record discloses no legitimate order or decree of dissolution declaring anyone to be Brandie's father. There is only a declaration of paternity signed by Charles Collett in 1979, which does not have the force of a court order or judgment because it was never filed with a probate court as required for the legitimation of a child under former R.C. 2105.18.[2] The fact that the declaration was acknowledged by a

---

[2] Prior to its amendment by Am. Sub. H.B. No. 245 (effective June 29, 1982), R.C. 2105.18 stated in relevant part:

"When a man has a child by a woman and before or after the birth intermarries with her, the child is legitimate. The issue

notary does not give it the effect of a court order or judgment, since the power of a notary public is ministerial, not judicial. See, *e.g.*, *Read* v. *Toledo Loan Co.* (1903), 68 Ohio St. 280, 67 N.E. 729, paragraph two of the syllabus. Consequently, the doctrine of *res judicata* does not operate as a bar to appellees' action under R.C. Chapter 3111.

The second issue we must address is whether R.C. Chapter 3111 would be given unconstitutional retroactive effect if appellees were permitted to bring their action thereunder. Section 28, Article II of the Ohio Constitution provides, in pertinent part, that "[t]he general assembly shall have no power to pass retroactive laws * * *." In accordance with this prohibition, this court held in *Johnson* v. *Adams* (1985), 18 Ohio St. 3d 48, 18 OBR 83, 479 N.E. 2d 866, at paragraph one of the syllabus, that "[t]hose sections of amended R.C. Chapter 3111 that became effective on or after June 29, 1982 have no application to paternity actions in which *judgment* was entered prior to

that date." (Emphasis added.) *Johnson* is applicable to this case because, as we stated above, no judgment has ever been rendered on the issue of Brandie's paternity. Thus, no retroactivity problem exists with respect to appellees' action under R.C. Chapter 3111.[3]

Accordingly, the trial court erred when it decided appellees could not bring an action under R.C. Chapter 3111. Summary judgment in favor of appellant was improper under Civ. R. 56(C) because appellant was not entitled to judgment as a matter of law and because there remain genuine issues of material fact to be decided. The judgment of the court of appeals, reversing the trial court and remanding the cause for a determination of Brandie's paternity under R.C. Chapter 3111, is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

---

of parents whose marriage is null in law are nevertheless legitimate.

"The natural father of a child may file an application in the probate court * * * acknowledging that the child is his, and upon consent of the mother, * * * the probate court, if satisfied that the applicant is the natural father, and the establishment of the relationship is for the best interest of the child, shall enter the finding of fact upon its journal, and thereafter the child is the child of the applicant, as though born to him in lawful wedlock." (137 Ohio Laws, Part I, 1496.)

[3] Furthermore, it is permissible to give R.C. Chapter 3111 retrospective, as opposed to retroactive, application. As we held in *Johnson, supra*, at 49-50, 18 OBR at 84, 479 N.E. 2d at 868, "[a] basic rule of statutory construction, as codified at R.C. 1.48, provides that '[a] statute is presumed to be prospective in its operation unless ex-

pressly made retrospective.' The legislation in this case, amending R.C. Chapter 3111, was enacted in 1982 upon passage of Am. Sub. H.B. No. 245. Section 3 of this bill provides that '[a]n action may be commenced pursuant to sections 3111.01 to 3111.19 of the Revised Code * * * to establish the father and child relationship * * *, irrespective of whether a child is born prior to, or on or after, the effective date of this act.' In the sense that this section of Am. Sub. H.B. No. 245 makes amended R.C. Chapter 3111 applicable to causes of action accruing prior to its effective date, R.C. Chapter 3111 is 'expressly made retrospective.' However, such retrospectivity clearly does not allow the reversal, upon appeal, of a *judgment* rendered prior to the June 29, 1982 effective date of R.C. Chapter 3111. To permit such a result in this case would cross the line between permissible 'retrospectivity' and unconstitutional 'retroactivity' * * *." (Emphasis *sic*.)