775 P.2d 539

Sterling C. CORLEY,
Plaintiff–Appellant,

v.

ARIZONA BOARD OF PARDONS AND PAROLES; State of Arizona; John J. Sloss, Richard M. Ortiz, Robert L. Araza, Patricia V. Gilbert, Arter L. Johnson, Ron Johnson and Robert W. Kennerly, Defendants–Appellees.

No. 1 CA–CV 88–175.

Court of Appeals of Arizona,
Division 1, Department C.

June 1, 1989.

St. George & Reed by Michael E. St. George, Tempe, for plaintiff-appellant.

Robert K. Corbin, Atty. Gen. by Pamela J. Eaton, Asst. Atty. Gen., Phoenix, for defendants-appellees.

## OPINION

SHELLEY, Presiding Judge.

Appellant Sterling C. Corley appeals from the trial court's denial of an award of attorney's fees against the state.

Appellant is an "old code" felon (offense pre-October 1, 1978) convicted of second degree murder in 1970. He was released on parole and has been supervised by the State of California. On three occasions during the past five years, appellant has filed for an absolute discharge from parole pursuant to A.R.S. § 31–414. The Arizona Board of Pardons and Paroles (the Board) has denied each of appellant's applications.

On July 17, 1986, appellant filed a hybrid special action complaint in the superior court of Maricopa County. In Count 1 he alleged that the Board, in the processing and disposition of his applications for absolute discharge, violated his procedural due process rights under art. 2 § 4 of the Arizona Constitution and Title 42 § 1983 United States Code, in that the Board failed to: (1) give him a notice of the hearing; (2) give him a right to be present; and (3) make written findings indicating the reason for denial of his application for absolute discharge from parole. In Count 2, appellant sought damages for alleged violation of his civil rights.

Based on a motion to dismiss filed by the state and a motion for summary judgment filed by appellant, the trial court granted appellant's motion for summary judgment, concluding that an applicant for absolute discharge is entitled to: (1) notice; (2) a right to be present; and (3) written findings indicating the reason for denial of his application for absolute discharge from parole. The court remanded the applications for absolute discharge to the Board for proceedings consistent with its opinion. The trial court deferred action on appellant's claim for damages pending the Board's decision on remand of Count 1. Appellant filed a motion for attorney's fees. The trial court denied attorney's fees to appellant without prejudice as "premature."

The only issue on appeal is: Is appellant the prevailing party on the merits sufficient to entitle him to an award of attorney's fees? He asserts entitlement to attorney's fees under two theories: (1) the substantial benefit doctrine or the private attorney general doctrine; and (2) under 42 U.S.C. § 1988 and A.R.S. § 12-348. Appellant is not entitled to attorney's fees under either theory.

## SUBSTANTIAL BENEFIT DOCTRINE

■ Appellant asserts that he has acted as a "private attorney general" and that he has substantially benefited parolees seeking absolute discharge from parole. Therefore, appellant claims to have achieved an "overriding social purpose" which entitles him to an award of his attorney's fees.

In *Arnold v. Department of Health Services*, 160 Ariz. 593, 598, 775 P.2d 521, 526 (1989), our supreme court adopted the private attorney general doctrine and awarded attorney's fees to the plaintiffs. Charles Arnold, as Maricopa County Public Fiduci-

ary, filed a class action as guardian, next friend, and conservator for five named individuals and on behalf of all others similarly situated against the Arizona Department of Health Services, Arizona State Hospital, and the Maricopa County Board of Supervisors. The action was brought to enforce various statutes mandating that state and county governments provide mental health care to the chronically mentally ill. The plaintiffs prevailed. There was a class of approximately 4500 indigent residents of Maricopa County who would benefit from the mandated medical services. The supreme court pointed out that failure to provide such services has resulted in some of the mentally ill committing very serious crimes. The case was of general societal importance.

Our supreme court adopted the private attorney general doctrine with a three-pronged requirement. The court stated:

> The private attorney general doctrine is an equitable rule which permits courts in their discretion to award attorney's fees to a party who has vindicated a right that:
> (1) benefits a large number of people;
> (2) requires private enforcement; and
> (3) is of societal importance.

*Id.*

In *Arnold*, the court adopted the private attorney general rule because of the benefit to Arizona citizens as a result of public interest litigation. *Id.*

In this case, there is no indication that a large number of people have had their applications for absolute discharge denied without benefit of due process requirements. This case was not filed in the hope of benefiting anyone but appellant. This case is not public interest litigation nor is it of general societal importance.

The three-pronged requirement specified in *Arnold* has not been met. Corley is not entitled to attorney's fees under the private attorney general doctrine.

The trial court did not abuse its discretion in denying attorney's fees under the substantial benefit doctrine or the private attorney general doctrine.

## STATUTORY ENTITLEMENT TO ATTORNEY'S FEES

Appellant asserts that A.R.S. § 12–348(A)(3) and (A)(5) make an award of fees mandatory in this case. The statute provides in pertinent part:

> A. In addition to any costs which are awarded as prescribed by statute, a court shall award fees and other expenses to any party other than this state or a city, town or county *which prevails by an adjudication on the merits* in any of the following:
> . . . .
> 3. A court proceeding to review a state agency decision, pursuant to chapter 7, article 6 of this title, or any other statute authorizing judicial review of agency decisions.
> . . . .
> 5. A special action proceeding brought by the party to challenge an action by the state against the party.

Arizona Revised Statutes § 12–348(A), (A)(3) and (A)(5). (Emphasis added.)

Appellant also claims that he is entitled to attorney's fees under 42 U.S.C. § 1988, which reads in part:

> In any action or proceeding to enforce a provision of sections ... 1983 ... of this title ... the court, in its discretion, may allow the *prevailing party*, other than the United States, a reasonable attorney's fee as part of the costs.

(Emphasis added.)

■ Appellant asserts that he prevailed in his special action, and, since this is the "lynchpin" of his other claims for relief, he is entitled to fees under either § 12–348(A)(3) or (A)(5), and that he is entitled to attorney's fees under 42 U.S.C. § 1988 because of § 1983 due process violations. We must determine what constitutes a prevailing party under the federal and Arizona statutes.

The United States Supreme Court defined prevailing party in the context of 42 U.S.C. § 1988 in *Hewitt v. Helms*, 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987). In *Hewitt*, an inmate (Helms) was found

guilty of misconduct by a prison hearing committee, based solely on an officer's hearsay testimony. He was sentenced to six months' disciplinary confinement. Helms sued prison officials for damages and injunctive relief under 42 U.S.C. § 1983. The District Court granted summary judgment against Helms. The Third Circuit Court of Appeals reversed the District Court's entry of summary judgment, finding that Helms had been denied due process by conviction solely on the basis of hearsay testimony. The District Court was ordered to enter summary judgment unless defendant could establish an immunity defense.

The District Court found qualified immunity for all defendants and granted summary judgment in their favor. The Circuit Court affirmed.

Helms sought attorney's fees under 42 U.S.C. § 1988, claiming that he was the prevailing party. The District Court denied the claim, holding that Helms was not a prevailing party on the merits. The Third Circuit reversed and awarded attorney's fees.

The United States Supreme Court in a majority opinion reversed the Third Circuit and affirmed the District Court's denial of attorney's fees. The Court defined prevailing party in the context of 42 U.S.C. § 1988 in *Hewitt*, stating:

In order to be eligible for attorney's fees under § 1988, a litigant must be a "prevailing party." Whatever the outer boundaries of that term may be, Helms does not fit within them. *Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.* Helms obtained no relief. Because of the defendants' official immunity he received no damages award. No injunction or declaratory judgment was entered in his favor. Nor did Helms obtain relief without benefit of a formal judgment—for example through a consent decree or settlement. *The most that he obtained was an interlocutory ruling that his complaint should not have been dismissed for failure to state*

*a constitutional claim. That is not the stuff of which legal victories are made.*

. . . .

As a consequence of the present lawsuit, Helms obtained nothing from the defendants. The only "relief" he received was the moral satisfaction of knowing that a federal court concluded that his rights had been violated. The same moral satisfaction presumably results from any favorable statement of law in an otherwise unfavorable opinion.

*Hewitt v. Helms,* 482 U.S. at 759–62, 107 S.Ct. at 2675–76. (Citations omitted; emphasis added.) *Hewitt* and this case both involved findings of denial of procedural due process. Corley's application for an absolute discharge was returned to the Board for further proceedings consistent with due process requirements. Action on Corley's claim for damages set forth in Count 2 was deferred pending the Board's decision on him in Count 1.

We agree with the reasoning set forth in the majority opinion in *Hewitt* and consider it dispositive of the issue here. The United States Supreme Court interpreted the term "prevailing party" in § 1988 to require that the party seeking attorney's fees receive at least some *relief on the merits.* Section 12–348 requires that a party must *prevail by an adjudication on the merits* in order to be entitled to attorney's fees, that is, he must be a prevailing party. Appellant claims that he succeeded on a significant issue in the litigation and should be considered the prevailing party for purposes of an award of fees. We disagree. Appellant did not receive any relief on the merits. Therefore he is not a prevailing party under § 1988 nor under A.R.S. § 12–348.

Appellant has not yet obtained relief which entitles him to prevailing party status as to Count 1. The trial court could only consider whether appellant was afforded due process. *Cooper v. Arizona Bd. of Pardons and Paroles,* 149 Ariz. 182, 184, 717 P.2d 861, 863 (1986). The only relief appellant has received is the moral satisfaction of knowing that the trial court concluded his due process rights had been

violated and in receiving a remand to the Arizona Board of Pardons and Paroles.

Based on the foregoing, we affirm the trial court's denial of attorney's fees.

CLABORNE and VOSS, JJ., concur.

NOTE: The Honorable EDWARD C. VOSS was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3. Subsequent to this authorization, Judge VOSS was appointed to this court.