**Birkey v. Noletti**
*[Cite as 2 AOA 494]*

Case No. 2506
Wayne County, (9th)
Decided April 18, 1990

R.C. 3111.04
R.C. 3111.19

Lawrence E. Chapanar, Attorney at Law, 433 Nat'l. City Bldg., Canton, OH 44702 for Plaintiffs.

Charles A. Kennedy, Attorney at Law, 558 N. Market St., Wooster, OH 44691 for Defendant.

CIRIGLIANO, J.

Appellant, James R. Nolletti, challenges the trial court's judgment adopting the referee's reports and recommendations determining child support and child support arrearages in a R.C. Chapter 3111 paternity action.

We affirm.

## FACTS

The facts of this case are undisputed. Appellee, Arlene J. Birkey, filed an original action in paternity in the Wayne County Court of Common Pleas against appellant on February 16, 1977. Birkey gave birth to a child on May 20, 1977. This action was voluntarily dismissed on May 24, 1978, based upon an oral compromise and settlement between the parties wherein, appellee accepted a cash sum of two-thousand dollars ($2,000.00) from appellant prior to effecting the dismissal.

Eight years later, on June 18, 1986, appellant, as next friend and on behalf of her minor child, filed a separate action in order to determine paternity and resolve related matters including past and future support and maintenance for the minor child. A jury determined appellant to be the natural father of the child. Appellant does not contest this determination. The related parental obligations concerning support arrearages, past medical expenses along with future support and maintenance were referred to a referee.

Appellant filed a motion for summary judgment contending that the 1978 compromise and settlement is *res judicata* to any action brought by or on behalf of a child under R.C. Chapter 3111. Appellee acknowledges said compromise, but further contends that such compromise is not binding upon the child and must only be addressed as a setoff to the extent of the amount of the settlement. The trial court denied appellant's motion for summary judgment.

The referee held two hearings and issued two reports and recommendations. The referee's first report recommended appellant to pay fifty-five dollars ($55.00) weekly plus poundage in child support from October 31,1988, and thereafter, until such time that the child becomes emancipated and/or reaches the age of eighteen. The referee reserved the right to modify the weekly amount upon a finding in appellant's favor on the compromise issue.

In the second report, the referee recommended that the trial court reject appellant's defense of *res judicata*. On the issue of child support arrearages, the referee recommended that the appellant pay the sum of fifteen dollars ($15.00) per week plus poundage through the Bureau of Support effective May 20, 1977, through October 31, 1988. The referee suggested that the support arrearages be paid at a rate of ten dollars ($10.00) per week until the sum of the arrearages is satisfied. The report granted appellant a two-thousand dollar ($2,000.00) set-off representing the 1978 compromise.[1]

The trial court approved both of the referee's reports and recommendations in their entirety. Appellant assigns three (3) assignments of error on appeal.

## ASSIGNMENTS OF ERROR

"I. The trial court erred as a matter of law by overruling defendant Nolletti's motion for summary judgment as to the issue of compromise, settlement and waiver as to the claims and rights of plaintiff, Arlene J. Birkey.

"II. The trial court erred as a matter of law by ruling that the claims and rights of plaintiff, Arlene J. Birkey, were not compromised and settled.

"III. The trial court erred as a matter of law by holding and ordering the defendant Nolletti to pay child support to plaintiff Birkey both past, present and future, where plaintiff Birkey had compromised and settled the right to child support."

Since all of the appellant's assignments of error are interrelated, we will address them accordingly.

The appellant's argument that both appellees are barred on the basis of *res judicata* from bringing an action under R.C. Chapter 3111 is without merit.

The proper parties to bring a paternity action are clearly stated in R.C. 3111.04(A) as follows:

"An action to determine the existence or non-existence of the father and child relationship may be brought by the child or child's mother or personal representative, a man alleged or alleging himself to be the child's father, or the alleged father's personal representative."

As to the appellee-mother, the doctrine of *res judicata* is inapplicable for two reasons. First, the Ohio Supreme Court has held that when there is no prior judgment of paternity the doctrine of *res judicata* does not operate as a bar

to appellee's action under R.C. Chapter 3111. *Collett* v. *Cogar* (1988), 35 Ohio St. 3d 114.

In the present case, the 1978 compromise and settlement between the parties was never reduced to judgment. The record discloses no legitimate order or decree previously recognizing the appellant as the child's father or the parties' agreement. The fact that the appellant acknowledges the agreement does not give the agreement the effect of a court or judgment.

Additionally, there is no issue with respect to the retroactive application of appellee's action under R.C. Chapter 3111, since no prior judgment exists. *Collett, supra* at 116.

The second reason that appellant's *res judicata* argument must fail is based upon statutory authority. Prior to the enactment of the Uniform Parentage Act, June 29, 1982, the statute provided that any compromise agreement required execution in the presence of the court and approval by the court. Former R.C. 3111.07.

Under the Uniform Act, the requirement of court approval in order to protect the interest of the child and state is again recognized in R.C. 3111.19, which states in part:

"After an action has been brought and before judgment, the alleged father and the mother may, *subject to the approval of the court,* compromise the action by an agreement in which the parent and child relationship is not determined but in which a specific economic obligation is undertaken by the alleged parent in favor of the child." (Emphasis added)

Here, the action that the appellant asserts as a defense is the very conduct that is clearly prohibited by R.C. 3111.19.

The next issue is appellant's claim that the doctrine of *res judicata* precludes the child's cause of action under R.C. Chapter 3111. As previously stated, R.C. 3111.04(A) permits the child or the child's personal representative to bring a paternity action. In order for a judgment to be *res judicata* there must be an identity of parties or persons in privity with the parties and an identity of issues. As a general rule, privity does not arise out of the parent-child relationship. *Johnson* v. *Norman* (1981), 66 Ohio St. 2d 186. In a paternity action, the claim of a parent and that of the child relate to the same subject matter. However, the claims are separate and distinct. *Id.*

The record in this case is completely void of any evidence of privity between the appellant and the child. The child was not a party to the 1978 compromise and settlement. Therefore, since the appellee-child was not in privity to the prior agreement, the resulting dismissal is not *res judicata* as to any action the mother may now file on the child's behalf. *Gatt* v. *Gedeon* (1984), 20 Ohio App. 3d 285, 287. The 1978 agreement was properly addressed and equitably setoff against the resulting judgment.

Given the undisputed facts, statutory authority and case law, reasonable minds could not reach but one conclusion supporting appellant's position, thus the trial court's denial of appellant's summary judgment motion was proper. Civ. R. 56(C). Accordingly, appellant's assignments of error are overruled and the trial court's judgment incorporating the referee's reports and recommendations is affirmed.

*Judgment affirmed.*

QUILLIN, P. J.
CACIOPPO, J.
Concur

---

[1] The referee also recommended that appellant be charged with all costs of this action and that he be entitled to claim the child as a dependent for income tax purposes. Appellee's request for past medical expenses was rejected. Both parties were to maintain a policy of hospitalization for the benefit of the child.