**KASHNIER, Appellant,**

v.

**DONELLY et al., Appellees.**

[Cite as *Kashnier v. Donelly* (1991), 81 Ohio App.3d 154.]

Court of Appeals of Ohio,
Medina County.

No. 1994.

Decided Oct. 2, 1991.

*Ronald R. Stanley,* for appellant.

*Edmond Bowers* and *Don E. Lombardi,* for appellees.

CACIOPPO, Judge.

Appellant, Ralph H. Kashnier, Jr., filed a complaint seeking a determination of the paternity of Ralph Kashnier III. Appellant's complaint was filed in an attempt to establish that Ralph Kashnier III was not his biological child.

The appellee, Roberta Lynn Donelly, appellant's ex-wife, filed an answer denying the operative allegations of the appellant's complaint and claiming *res judicata* based upon the parties' prior dissolution decree. Donelly also filed a motion to dismiss based upon *res judicata,* which was subsequently granted by the trial court.

### Assignments of Error

"1. Plaintiff-appellant contends that the court erred in deciding this action on briefs alone and not conduct[ing] a hearing to include appellant's testimony and evidence.

"2. Plaintiff-appellant contends that the court erred in reaching its decision without considering the particular circumstances of the marriage after conception but before childbirth and dissolution of the marriage resulting from

appellant's initial belief that the child was his and later becoming aware that it was not his child.

"3. Plaintiff-appellant contends that the court erred in not giving proper consideration to the lack of acknowledgement of parenthood in the dissolution decree on the part of appellant."

As the appellant's assignments of error are interrelated, they will be addressed together.

In *Gilbraith v. Hixson* (1987), 32 Ohio St.3d 127, 512 N.E.2d 956, the Supreme Court of Ohio held that the doctrine of *res judicata* can be invoked to give conclusive effect to a determination of parentage contained in a dissolution decree or legitimation order, thereby barring a subsequent paternity action brought pursuant to R.C. Chapter 3111. *Id.* at syllabus.

■ In the case at bar, the prior judgment in issue is the separation agreement of the parties which was incorporated into the judgment entry of the trial court. The agreement states:

"That they are husband and wife, having married at Medina, Ohio, on the 15th day of October, 1977, and have one child born of the marriage, to wit: Ralph Henry Kashnier, III * * *."

The agreement further reveals that the parties were represented by counsel and that the parties further agreed as to the appellant's child support obligation.

Appellant attempts to persuade this court by citing *Collett v. Cogar* (1988), 35 Ohio St.3d 114, 518 N.E.2d 1202, in which the Supreme Court of Ohio held that where there is no prior judgment of paternity, the doctrine of *res judicata* does not act as a bar to a legitimation action brought on behalf of a child under R.C. Chapter 3111. *Id.* at syllabus. In *Collett,* however, the issue of paternity was never reduced to judgment, *id.* at 115, 518 N.E.2d at 1204, unlike the case *sub judice* wherein the appellant expressly acknowledged in the agreement that the child was born of the marriage.

■ A judgment entered by consent, although predicated upon an agreement between the parties, is an adjudication as effective as if the merits had been litigated and remains, therefore, just as enforceable as any other validly entered judgment, for *res judicata* purposes. *Gilbraith, supra,* 32 Ohio St.3d at 129, 512 N.E.2d at 959. The complaint of the appellant acknowledges that he was informed during the marriage that he was not the father of the child. As such, the appellant's opportunity to challenge the child's paternity was prior to acknowledging his paternity in the dissolution decree and thus permitting *res judicata* to be invoked at a later date.

The appellant further contends that the trial court should have conducted a hearing rather than deciding the issues on the briefs of the parties. The memorandum of the trial court indicates that the parties agreed to have the *res judicata* issue submitted on the briefs of the parties. This fact, coupled with the clear applicability of *res judicata*, strongly indicates that the court did not err in failing to conduct a hearing.

As the appellant's assignments of error are without merit, the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and COOK, J., concur.