971 P.2d 1042

**COLUMBIA PARCAR CORPORATION
and Pohle, Inc. dba Golf Cars Ltd.,
Plaintiffs–Appellants,**

v.

**ARIZONA DEPARTMENT
OF TRANSPORTATION,
Defendant–Appellee.**

No. 1 CA–CV 97–0552.

Court of Appeals of Arizona,
Division 1, Department B.

Jan. 19, 1999.

Jardine, Baker, Hickman .& Houston by
Gerald T. Hickman, Phoenix, Attorneys for
Plaintiffs–Appellants.

Janet A. Napolitano, the Attorney General
by Peter C. Gulatto, Assistant Attorney Gen-
eral, Transportation Section, Phoenix, Attor-
neys for Defendant–Appellee.

## OPINION

*GARBARINO*, Judge.

¶ 1 The appellants were successful in having portions of an administrative decision and order set aside by the superior court and in having the matter remanded to the administrative law judge (ALJ) for further proceedings. This appeal questions only the superior court's denial of the appellants' request for attorneys' fees against the Arizona Department of Transportation (ADOT) pursuant to Arizona Revised Statutes Annotated (A.R.S.) section 12–348(A)(2) (1992). The issue is whether the appellants prevailed by an adjudication *on the merits* in the superior court proceeding, as required by statute. We hold they did not prevail, and thus affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Columbia Parcar Corporation is a manufacturer of golf cars. JaCar, Inc. dba Classic Golf Cars is a golf car dealer located in Sun City, Arizona that sold golf cars manufactured by Columbia pursuant to a written dealer agreement.

¶ 3 On May 10, 1996, JaCar filed a complaint with the Dealer Licensing Division of ADOT alleging that Columbia had terminated JaCar as a dealer of its products and had improperly appointed another dealer, Pohle, Inc. dba Golf Cars, Ltd., in violation of statutory procedures. As a result of its investigation, on June 4, 1996 ADOT ordered Pohle to cease and desist from selling Columbia's golf cars at Pohle's Sun City location until it was authorized to do so by ADOT.

¶ 4 At about the same time, Columbia sent two letters to ADOT. In one letter, Columbia notified ADOT that it was terminating JaCar due to JaCar's inability to meet sales quotas and to pay invoices on a timely basis. In the other, Columbia informed ADOT that it had authorized Pohle to sell its products. In that letter, Columbia also advised ADOT that its distributors are not franchised, meaning that it did not believe that the termination of JaCar and the appointment of Pohle were subject to regulation by ADOT.

¶ 5 In a letter dated June 6, 1996, ADOT notified JaCar that Columbia's notice of termination had been filed. ADOT's notice advised JaCar that a franchise hearing would be scheduled if it objected to the notice of termination. JaCar filed objections opposing both the notice of termination and the notice of intention to establish Pohle as a new dealer. ADOT then set a hearing "to determine if good cause exists to terminate the franchise of [JaCar]."

¶ 6 At the hearing, the ALJ refused to hear evidence on whether grounds for terminating JaCar as one of Columbia's dealers existed. Instead, he focused only on whether JaCar was Columbia's franchisee and whether Columbia had wrongfully terminated JaCar without following statutory requirements for terminating a franchise. Without allowing Columbia to finish presenting evidence even as to these issues, the ALJ ruled that JaCar was a franchisee and that Columbia had improperly terminated JaCar and had improperly franchised Pohle, thereby precluding Columbia from now trying to prove that grounds for terminating JaCar existed.

¶ 7 Columbia and Pohle appealed the ALJ's ruling to the superior court. They asked the court to reverse the rulings of ADOT and the ALJ, and to make its own rulings affirming the termination of JaCar and the appointment of Pohle to sell Columbia's products.

¶ 8 The superior court reversed the ALJ's ruling and remanded the matter to ADOT for rehearing. Specifically, the court found substantial evidence to support the ALJ's conclusion that if JaCar was a franchisee, it was improperly terminated and that termination was only an issue if it was first determined that JaCar was Columbia's franchisee. On the franchise issue, the court found that only four of the five criteria for a franchise relationship had been established at the hearing. The court further determined that Columbia had been wrongfully precluded from presenting rebuttal evidence relative to the franchise issue, which necessitated a new administrative hearing to allow presentation of this evidence. The court also concluded that even if JaCar was a franchi-

see, the cease and desist order should have remained in effect pending the hearing on the issue of improper termination.

¶ 9 Columbia and Pohle requested an award of attorneys' fees pursuant to A.R.S. section 12–348, which the court denied. It is the denial of the attorneys' fees award against ADOT which is being appealed.

¶ 10 On remand, the ALJ sustained the termination, authorized Columbia to establish a new franchise with Pohle or another dealer in the Sun City area in accord with the requirements of Title 28 of the Arizona Revised Statutes, and dissolved the cease and desist order entered against Pohle.

## STANDARD OF REVIEW

¶ 11 Columbia and Pohle appeal the court's denial of their request for an award of attorneys' fees against ADOT. This appeal involves the interpretation of portions of A.R.S. section 12–348 and the application of the relevant portion of the statute to the facts in this case. The interpretation of a statute involves the resolution of legal, rather than factual, issues. *See Chaffin v. Comm'r of Arizona Dep't of Real Estate*, 164 Ariz. 474, 476, 793 P.2d 1141, 1143 (App.1990). Our review of a legal issue is *de novo*. *Id.* Similarly, *de novo* review is given to mixed questions of fact and law. *See Huskie v. Ames Bros. Motor and Supply Co.*, 139 Ariz. 396, 401, 678 P.2d 977, 982 (App.1984).

## DISCUSSION

¶ 12 Arizona Revised Statutes Annotated section 12–348(A)(2) authorizes an award of attorneys' fees against the State in administrative review matters, and provides in relevant part:

A. In addition to any costs which are awarded as prescribed by statute, a court shall award fees and other expenses to any party other than this state or a city, town

or county which prevails by an adjudication on the merits in any of the following:

. . . .

2. A court proceeding to review a state agency decision, pursuant to . . . any . . . statute authorizing judicial review of agency decisions.

¶ 13 It is appellants' initial burden to establish that they "prevail[ed] by an adjudication on the merits" in the "court proceeding to review [the] state agency decision." A.R.S. § 12–348(A)(2). If we were to so conclude, we would then consider ADOT's argument that the exceptions to the awarding of fees found in A.R.S. sections 12–348(H)(1) or 12–348(H)(2) apply.[1] Because we find that appellants did not prevail on the merits, we need not address the statutory exceptions.

¶ 14 We begin our analysis by noting that A.R.S. section 12–348(A)(2) makes an award of fees against a state agency mandatory in a court proceeding to review a state agency decision. However, by its express terms, this statute applies only when the party other than the state agency "prevails by an adjudication on the merits." The statute does not merely provide that the party must "prevail"; rather, the party must prevail "on the merits." Here, the court remanded the matter for further proceedings before the ALJ. The ruling was procedural in nature. There was no ruling on the merits of Columbia's request to terminate JaCar and appoint Pohle. Instead, the matter was simply remanded to the agency for a new hearing on the merits.

¶ 15 It is generally held that where the word "merits" is used when referring to a case having been determined on the merits, "it embraces a consideration of substance, not of form; of legal rights, not of mere defects of procedure or practice or the technicalities thereof." *Cero Realty Corp. v. American Mfrs. Mut. Ins. Co.*, 171 Ohio St. 82, 167 N.E.2d 774, 777 (Ohio 1960); *see also*

1. Arizona Revised Statutes Annotated sections 12–348(H)(1) and 12–348(H)(2) provide as follows:

H. This section does not:
1. Apply to an action arising from a proceeding before this state or a city, town or county in which the role of this state or a city, town or county was to . . . adjudicate a dispute or issue between private parties. . . .
2. Apply to proceedings brought by this state pursuant to title 13 or 28.

*Fairmont Aluminum Co. v. Comm'r of Internal Revenue,* 222 F.2d 622, 625 (4th Cir. 1955) ("A judgment on the merits is one which is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction or form.").

¶ 16  In *Corley v. Arizona Board of Pardons and Paroles,* 160 Ariz. 611, 614–15, 775 P.2d 539, 542–43 (App.1989), this Court held that a party who had not prevailed on the merits of their claim, but had merely been granted a remand to the state agency, was not entitled to an award of attorneys' fees pursuant to A.R.S. section 12–348. *Corley* did not address what the legislature meant by the phrase "on the merits." Instead, the court focused on the requirement that a party must "prevail" and concluded that the word "prevail" means that a party must receive some relief on the merits of their claim before they can be said to have prevailed. *See id.* at 614, 775 P.2d at 542. *Corley* relied upon the United States Supreme Court case of *Hewitt v. Helms,* 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987), which held that a "prevailing party," for purposes of attorneys' fees under 42 U.S.C. § 1988,[2] must obtain at least some relief on the merits of their claim. *Corley,* 160 Ariz. at 613, 775 P.2d at 541. *Corley* found that the claimant had not attained the "prevailing party status" that would entitle him to fees under A.R.S. section 12–348. *Id.* The Court further noted that "[t]he only relief appellant has received is the moral satisfaction of knowing that the trial court concluded his due process rights had been violated and in receiving a remand to the Arizona Board of Pardons and Paroles." *Id.* at 614–15, 775 P.2d at 542–43.

¶ 17  Not every attorneys' fees statute that authorizes fees to "successful parties" or "prevailing parties" requires that a claimant obtain a judgment on the merits of the underlying claim. In *Wagenseller v. Scottsdale Memorial Hospital,* 147 Ariz. 370, 393, 710 P.2d 1025, 1048 (1985), the Arizona Supreme Court pointed out that the meaning of a statutory term with a special legislative history may not have the same meaning as an

identical term used in another statute. Concluding that courts have arrived at different interpretations for terms such as "successful parties" and "prevailing parties," the *Wagenseller* court held that courts "must adopt that which is fair, sensible and consistent with the legislatively articulated purpose of the [particular] statute and with our general legal principles and prior rulings." *Id.*

¶ 18  The attorneys' fees statute under consideration in *Wagenseller* was A.R.S. section 12–341.01(A), which allows discretionary attorneys' fees to a "successful party" in matters arising out of contract. *See Wagenseller,* 147 Ariz. at 391, 710 P.2d at 1046. In *Wagenseller,* the court ruled that a party is the "successful party" and may be awarded attorneys' fees when that party merely achieves reversal of an unfavorable interim order resulting in a remand for further proceedings. *See id.* at 393–94, 710 P.2d at 1048–49. The court stressed that A.R.S. section 12–341.01 made no reference to "adjudication on the merits as a prerequisite to recovering attorney's fees as a successful party." *Id.* at 392, 710 P.2d at 1047. By way of contrast, *Wagenseller* cited A.R.S. section 12–348 as being a statute that "expressly permits fees only to the party 'which prevails by an adjudication on the merits.'" *Id.*

¶ 19  We are well aware that there is a strong public policy in favor of awarding attorneys' fees to those parties who are required to litigate against government entities and who are ultimately successful. As we stated in *Larkin v. State ex rel. Rottas,* 175 Ariz. 417, 423–24, 857 P.2d 1271, 1277–78 (App.1992):

A.R.S. section 12–348 is the Arizona version of the federal Equal Access to Justice Act (28 U.S.C. § 2412), although it differs in many respects from the federal act. The express legislative purpose of A.R.S. section 12–348 is to neutralize or reduce the economic deterrent faced by private parties seeking to litigate against unreasonable governmental action. The Arizona statute contains fewer restrictions on fee

---

**2.** 42 U.S.C. § 1988(b) (Supp.1998) provides in relevant part that "[i]n any action or proceeding to enforce a provision of [§ 1983], the court, in

its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

awards against the state than does its federal counterpart. The Arizona legislature, by including so few qualifications in A.R.S. section 12–348, expressed a strong public policy to reduce the economic deterrents individuals faced in contesting governmental action.

(Citations omitted).

¶ 20 Notwithstanding this policy, we are still faced with the plain language of the statute which expressly provides that a party must "prevail[ ] by an adjudication on the merits." We presume that the legislature had a reason for inserting this language into the statute. Ordinarily, "each word, phrase, clause, and sentence [of a statute] must be given meaning so that no part of the statute will be void, inert, redundant, or trivial." *Walker v. City of Scottsdale*, 163 Ariz. 206, 210, 786 P.2d 1057, 1061 (App.1989). Therefore, we hold that because the appellants did not prevail on the merits, they are not entitled to attorneys' fees under A.R.S. section 12–348(A)(2).

¶ 21 The appellants point out in their reply brief that a ruling requiring a party to prevail on the merits before it can be awarded attorneys' fees under A.R.S. section 12–348(A)(2), will mean that a party is never entitled to fees against the State where the court's ruling does nothing more than remand the matter for a new hearing on the merits. We believe that is exactly what the legislature intended. Had the legislature intended otherwise, it would have so indicated by its choice of words.

¶ 22 Furthermore, we disagree with the appellants' argument that the requirement of "prevail[ing] by an adjudication on the merits" has now been met because they ultimately prevailed on the merits after remand. The outcome of the administrative proceeding has no bearing on the attorneys' fees issue before us. By its express terms, the statute limits an award of fees to situations in which "an adjudication on the merits" has occurred in a "court proceeding" to review a state agency decision. A.R.S. § 12–348(A)(2). Moreover, at the time the request for fees was made in the superior court, the outcome of the hearing on remand was unknown.

## CONCLUSION

¶ 23 For the reasons explained in this opinion, we conclude that the appellants were not entitled to an award of attorneys' fees from the superior court pursuant to A.R.S. section 12–348(A)(2) and we deny appellants' request for attorneys' fees on appeal.

JAMES B. SULT, Presiding Judge and MICHAEL D. RYAN, Judge, concur.