This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Ralph R. Kashnier, Jr. ("Ralph"), appeals from a judgment of the Medina County Court of Common Pleas, Domestic Relations Division, which granted summary judgment to Appellee, Roberta Lynn Donnelly ("Roberta") on Ralph's Motion for Genetic Testing. We affirm.
 I.
{¶ 2} This is Ralph and Roberta's fifth appearance before this court. The resolution of the instant case is dependent upon this Court's prior court rulings, and so our statement of facts will include what has gone before. The facts regarding past cases are taken from the prior decisions, certified copies of which are included in the record.
{¶ 3} Ralph and Roberta were married and divorced twice. During their second marriage, Roberta gave birth to one child that the couple named Ralph Kashnier III ("RK III"). Roberta retained custody of the child when they divorced. Under the terms of the divorce decree, Ralph was to pay Roberta thirty dollars per week for child support. The Decree of Dissolution of Marriage and the Separation Agreement were journalized on June 1, 1979.[1] The Separation Agreement includes a finding that the parties were husband and wife and RK III was born of the marriage. It also provides that "this agreement shall not be altered or modified unless it is done in writing and signed by both parties."
{¶ 4} Shortly thereafter Ralph and Robert executed, but did not notarize, a private agreement signed by both parties that states:
{¶ 5} "I, Roberta Lynn Kashnier have agreed with Ralph Henry Kashnier, Jr. that as of December 12, 1979 I will not except (sic) any child support for Ralph Kashnier III. As agreed upon by myself and Ralph Jr."
{¶ 6} Nonetheless, on April 13, 1989, Roberta moved the trial court for an order finding Ralph in contempt for failure to pay the court ordered support. The parties reached an agreement that Ralph would pay thirty dollars per week beginning July 1, 1989, through wage withholding. The court approved the arrangement in a judgment entry filed October 6, 1989, a certified copy of which is included in the record.
{¶ 7} In 1990, Ralph filed several motions pertaining to paternity and the support obligation. In response, Roberta moved for an order finding Ralph in contempt for failure to pay support and for a judgment for arrearages. Ralph asked the trial court to dismiss all his motions, except a motion to reduce the support obligation. The trial court obliged and reduced the support to fifteen dollars per week. Ralph continued to oppose the motion for arrearages, claiming that Roberta was barred from asserting this claim because she did not seek the arrearages when the 1989 agreement was executed. The referee and the trial court disagreed, finding that Ralph owed a lump sum judgment of $14,720 for arrearages through May 31, 1990. Ralph appealed and this Court affirmed in Donellyv. Kashnier (Feb. 27, 1991), 9th Dist. No. 1939.[2]
{¶ 8} On August 9, 1990, Ralph filed a new complaint seeking a determination of the paternity of RK III. In the complaint, Ralph alleges that "[d]uring the marriage *** [Roberta] admitted to [Ralph], and other third parties, that the child is not the issue of [Ralph] and [Ralph] is not the father." The trial court dismissed on grounds of res judicata. Ralph appealed, and this Court affirmed in Kashnier v. Donelly (1991),81 Ohio App.3d 154. In that opinion, this Court found that "[t]he complaint of [Ralph's] acknowledges that he was informed during the marriage that he was not the father of the child. As such, [Ralph's] opportunity to challenge the child's paternity was prior to acknowledging his paternity in the dissolution decree and thus permitting res judicata to be invoked at a later date."
{¶ 9} On February 10, 2000, Ralph filed a petition for bankruptcy and listed Roberta as a creditor in the amount of $14,720. On April 21, 2000, the bankruptcy court granted Ralph limited relief from the bankruptcy's automatic stay and permitted the parties to seek clarification from the domestic relations court as to the nature of the debt, noting that the debt was not dischargeable if it was for child support. The domestic relations court ruled that the judgment was for unpaid child support. Ralph appealed, and this Court affirmed in Donnellyv. Kashnier (Mar. 14, 2001), 9th Dist. No 3111-M.
{¶ 10} On March 16, 2001, Ralph filed another Motion for Genetic Testing. In an order journalized on July 16, 2001, the trial court dismissed Ralph's motion for genetic testing on the grounds of res judicata, relying upon the findings of Kashnier v. Donelly (1991),81 Ohio App.3d 154. Ralph appealed. This Court reversed and remanded, holding that the trial court improperly relied upon that decision because it was not part of the trial court record. On remand, Roberta moved the trial court to deem certain matters admitted in order to create a trial record pursuant to the remand order, and for summary judgment.
{¶ 11} The Motion to Deem Matters Admitted arose from a request for admissions directed to Ralph. In the request for admissions, Ralph was asked to admit that various certified documents were true and genuine copies of the originals. Ralph declined to do so. The certified documents included the Decree of Dissolution of Marriage, the Separation Agreement, three opinions from this Court,[3] and two separate juvenile court dismissal orders journalized on January 3, 1991 and March 11, 1991. At the hearing, Ralph's attorney stated that he had no problem with the documents, that they speak for themselves, yet they should not be part of the docket because they were from a different court. The trial court granted Roberta's motion and deemed the documents admitted as true and genuine by Ralph.
{¶ 12} In her motion for summary judgment, Roberta asserts that she agrees with Ralph that R.C. 3119.962 governs the various conditions for granting relief from final judgment through the use of genetic testing. Regardless, Roberta states that Ralph is not entitled to relief based upon R.C. 3119.962 because section (B) of the statute precludes relief. R.C. 3119.962(B) states that no relief is available where the purported father knew prior to acknowledging paternity that he was not the actual father. Roberta further asserts that this Court, in Donelly v.Kashnier (1991), 81 Ohio App.3d 154, found "that [Ralph] had been informed that he was not the father of [RK III] prior to acknowledging him as his child in the Separation Agreement, which is a part of the original Decree of Dissolution of Marriage[.]" (Emphasis sic.) Roberta maintains that the finding is now the law of this case under Nolan v.Nolan (1984), 11 Ohio St.3d 1, and re-litigation over paternity is precluded by res judicata. Therefore, Roberta claims that Ralph's motion falls squarely under the prohibition of R.C. 3119.962(B). Further, Roberta states that the language of the statute is mandatory and so relief must be denied.
{¶ 13} The trial court granted summary judgment to Roberta, finding that RK III's paternity is res judicata and that Ralph's claim fails on the merits under R.C. 3119.962(B)(3). The instant case is the timely appeal from that grant of summary judgment. Ralph raises two assignments of error.
 II. Assignment of Error No. 1
{¶ 14} "THE MEDINA COUNTY COURT OF COMMON PLEAS, DOMESTIC RELATIONS DIVISION IMPROPERLY GRANTED SUMMARY JUDGMENT AS THERE WAS A QUESTION OF MATERIAL FACT AS TO WHETHER MR. KASHNIER KNEW THAT HE WAS NOT THE NATURAL FATHER OF THE CHILD BEFORE ADMITTING OR ACKNOWLEDGING HIMSELF TO BE THE CHILD'S FATHER."
{¶ 15} In his first assignment of error, Ralph argues that summary judgment was inappropriate because Roberta's reliance upon past judicial opinions does not satisfy the evidentiary requirements of Civ.R. 56. Further, the motion for summary judgment fails to reference pleadings or affidavits that show a lack of a genuine issue of material fact. We disagree.
{¶ 16} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
{¶ 17} Pursuant to Civ.R. 56(C), summary judgment is proper if:
{¶ 18} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
{¶ 19} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. "[A] party seeking summary judgment always bears the initial responsibility of informing the *** court of the basis for its motion, and identifying those portions of `the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 288, quoting Celotex Corp. v. Catrett (1986), 477 U.S. 317, 323,91 L.Ed.2d 265.
{¶ 20} The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Dresher,75 Ohio St.3d at 288. "Mere reliance upon the pleadings is insufficient."Carr v. Nemer (Dec. 16, 1992), 9th Dist. No. 15575, at 2. "Where the defendant demonstrates that after a reasonable period of discovery the plaintiff is unable to produce sufficient evidence beyond the bare allegations of the complaint to support an essential element of his or her case, summary judgment should be granted." Mitchell v. Toledo Hosp.
(C.A. 6, 1992), 964 F.2d 577, 582.
{¶ 21} In support of her motion for summary judgment, Roberta presented various certified documents she wished the trial court to deem admitted by Ralph as true and genuine copies of originals. Her documents included this Court's decision at Kashnier v. Donelly (1991),81 Ohio App.3d 154, which forms the basis of the trial court's res judicata holding. The trial court deemed the documents admitted. In Ralph's arguments claiming error, he ignores the decision and claims that Roberta's answer to his complaint, the Separation Agreement, and the Decree of Dissolution do not prove that he knew he was not the father prior to his acknowledgment of paternity. Likewise, Ralph asserts that Roberta presented no affidavits in support of her motion.
{¶ 22} In the face of a prior journalized entry containing a finding of that very fact, whatever other documents Roberta presented or did not present are beside the point. This Court's Kashnier v. Donelly
(1991), 81 Ohio App.3d 154, opinion satisfies the Civ.R. 56 requirement as an "admission on file." Ralph does not argue that granting Roberta's Motion to Deem Admitted was error. The opinion conclusively determines that Ralph knew he was not the natural father of the child before admitting or acknowledging himself to be the child's father. There is no genuine issue of material fact on the question of paternity. Ralph's first assignment of error is overruled.
 Assignment of Error No. 2
{¶ 23} "THE MEDINA COUNTY COURT OF COMMON PLEAS, DOMESTIC RELATIONS DIVISION, ERRORED (SIC) IN GRANTING SUMMARY JUDGMENT AS RES JUDICATA SHOULD NOT BE APPLIED TO A MOTION FOR GENETIC TESTING TO REVERSE A PATERNITY ORDER UNDER O.R.C. § 3119.962."
{¶ 24} In his second assignment of error, Ralph argues that O.R.C. 3119.962 precludes dismissing his case on the basis of res judicata. Further, he claims that since he is not seeking relief under R.C. Chapter 3111, the proposition stated in Gilbraith v. Hixson (1987),32 Ohio St.3d 127, that "res judicata can be invoked to give conclusive effect to a determination of parentage contained in a dissolution decree of legitimating order thereby barring subsequent paternity action pursuant to R.C. Chapter 3111," does not apply. We disagree.
{¶ 25} The doctrine of "the law of the case" provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. Nolan v. Nolan (1984),11 Ohio St. 1, 3, citing Gohman v. St. Bernard (1924), 111 Ohio St. 726.
{¶ 26} This court reviews a trial court's interpretation and application of a statute under a de novo standard. State v. Wheeling Lake Erie Ry. Co. (Mar. 13, 2002), 9th Dist. No 3214-M, at 3. Statutory interpretation involves a question of law; therefore, we do not give deference to the trial court's determination. Id. "The principles of statutory construction require courts to first look at the specific language contained in the statute, and, if the language is unambiguous, to then apply the clear meaning of the words used." Roxane Laboratories,Inc. v. Tracy (1996), 75 Ohio St.3d 125, 127. R.C. 1.42 provides that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage."
{¶ 27} A court may interpret a statute only where the statute is ambiguous. State ex rel. Celebrezze v. Allen Cty. Bd. of Commrs. (1987),32 Ohio St.3d 24, 27. A statute is ambiguous if its language is susceptible to more than one reasonable interpretation. State ex rel.Toledo Edison Co. v. Clyde (1996), 76 Ohio St.3d 508, 513.
{¶ 28} R.C. 3119.962 states in pertinent part:
{¶ 29} "(B) A court shall not grant relief from a final judgment, court order, or administrative determination or order that determines that a person or male minor is the father of a child or from a child support order under which a person or male minor is the obligor if the court determines, by a preponderance of the evidence, that the person or male minor knew that he was not the natural father of the child before any of the following:
{¶ 30} "(2) The person or male minor was presumed to be the natural father of the child under any of the circumstances listed in divisions (A)(1) to (3) of section 3111.03 of the Revised Code.
{¶ 31} "(3) The person or male minor otherwise admitted or acknowledge himself to be the child's father."
{¶ 32} Under R.C. 3111.03(A), a man is presumed to be the natural father of a child if:
{¶ 33} "(1) The man and the child's mother are or have been married to each other, and the child is born during the marriage ***."
{¶ 34} We find the language of both statues to be clear and unambiguous.
{¶ 35} R.C. 3119.962 contains two provisions that prevent Ralph from prevailing. First, there exists a prior court finding that Ralph knew himself not to be the father of Ralph III before Ralph acknowledge himself to be the father. That finding is the law of this case underNolan v. Nolan. Therefore the provision of R.C. 3119.962(3) precludes relief. Further, because Ralph is the presumed natural father pursuant to R.C. 3111.03(1), he is denied relief by R.C. 3119.962(2).
{¶ 36} Ralph's second assignment of error is overruled.
 III.
{¶ 37} Ralph's two assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division is affirmed.
SLABY, P. J., CONCURS
CARR, J., CONCURS IN JUDGMENT ONLY
[1] A certified copy of both are included in the trial court's record.
[2] In the past cases, Roberta's last name is alternately spelled "Donelly" and "Donnelly." In addition, the caption of this cited case shows her first name as "Robert." The March 14, 2001 case shows her name as Robert A. For the instant case, she is Roberta Lynn Donnelly. We ask indulgence if that is incorrect.
[3] Donelly v. Kashnier (Feb. 27, 1991), 9th Dist. No. 1939; Kashnierv. Donelly (1991), 81 Ohio App.3d 154, and; Kashnier v. Donelly (Oct. 2, 1991), 9th Dist. No. 1994.