WINTHROP, Judge,
dissenting.
¶ 20 The majority today holds that a judgment, properly entered pursuant to Rule 58, Arizona Rules of Civil Procedure, and awarding substantive, affirmative relief to the Taxpayer, does not constitute an “adjudication on the merits” such that the Taxpayer qualifies to request an award of attorneys’ fees pursuant to A.R.S. § 12-348(B). I disagree with such holding, and respectfully dissent.
*565 ¶ 21 As a starting point, we recognize that, in enacting § 12-348, the legislature intended “to reduce the economic deterrents individuals faced in contesting governmental actions, magnified by the disparity between the resources and expertise of the government and individuals.” Wilderness World, Inc. v. Dep’t of Revenue, 182 Ariz. 196, 202, 895 P.2d 108, 114 (1995) (quoting Ariz. Tax Research Ass’n v. Dep’t of Revenue, 163 Ariz. 255, 258, 787 P.2d 1051, 1054 (1989)); see also Estate of Walton, 164 Ariz. 498, 501, 794 P.2d 131, 134 (1990). This state’s public policy, as announced by the legislature and interpreted by our supreme court, favors the trial court having the discretion to award attorneys’ fees to taxpayers or other individuals who successfully challenge government actions.
¶ 22 This case involved the appropriate full cash value assigned to the subject property. The assessor assigned one value, presumed by law to be correct. The Taxpayer protested, contending that the appropriate value was significantly less. In its complaint, the Taxpayer sought a judgment which substantively sought a change in the tax rolls to a lower cash value for the subject property, and a refund of excess taxes paid, plus interest. Although one may question the diligence with which each side chose to litigate the matter, the case was clearly contested, a trial date was set, and discovery conducted in anticipation of the trial. Although not explicit in the record, it appears that such discovery indicated that the government’s position on the assessed value could not be sustained. The government then attempted to settle the case.
¶ 23 Having been unsuccessful at achieving informal resolution through settlement negotiations, the government purposefully chose to offer a judgment that could be entered in favor of the Taxpayer in an amount less than the assessed value. The government’s proposal clearly indicated that it was not offering or agreeing that the judgment would include any award of attorneys’ fees. This proposal was tendered under the authority of Rule 68, Arizona Rules of Civil Procedure. Although some view the rule as merely a coercive settlement technique, it can, through acceptance of the offer, accelerate resolution of the case on the merits. Here, the Taxpayer accepted the offer, while pursuant to Rule 68(c)(3) reserving its right to seek an award of attorneys’ fees authorized by § 12-348(B). Thereafter, a judgment was entered, pursuant to Rule 58, which directed that the tax roll for the subject year be changed to reflect a lower valuation than that originally assessed by the government. Such judgment, of necessity, also resulted in a refund, plus appropriate interest, of taxes paid in excess of the value assigned by the judgment. This was, in large part, the substantive relief sought by the Taxpayer in its lawsuit. The issue of entitlement to attorneys’ fees was then presented to the trial court for resolution. The trial court initially agreed that the Taxpayer was entitled to a fee award, but later concluded that this resolution did not constitute an “adjudication on the merits,” as required by § 12-348, and denied the application, apparently concluding that the legal predicate which would allow the court to consider the application for fees had not been met.
¶ 24 On appeal, and as discussed in the majority opinion, the government contended that the judgment entered here was not the result of any trial or fact-finding, but merely the equivalent of a default or consent judgment, perfunctory in nature and, at best, a ministerial act by the court. The government, and the majority to some extent, relies on language found in Chaney Building Co. v. City of Tucson, 148 Ariz. 571, 716 P.2d 28 (1986). In that case, the court primarily addressed the contention that a stipulated dismissal in favor of one defendant should be given preclusive effect as it related to a co-defendant contending that the dismissed defendant was wholly or partially at fault. In considering the argument that the stipulated judgment was entitled to res judicata effect, the court considered whether this dismissal acted as a resolution “on the merits.” 148 Ariz. at 573, 716 P.2d at 30. Importantly, the court, citing section 27 of the Restatement (Second) of Judgments, held that a stipulated *566 or “consent” judgment “may be conclusive, with respect to one or more issues, if the parties have entered an agreement manifesting such intention.” Id. In that case, the issues involving the dismissed party were not “actually litigated,” and the stipulated order of dismissal apparently did not include a finding concerning the negligence or lack of negligence of the dismissed party. Accordingly, the “manifestation of intent” required under the Restatement was lacking, and the court refused to extend collateral estoppel effect in favor of the remaining defendant:
If the parties to this action had intended the Kulseth dismissal to be binding as to certain factual issues, and if their intention was reflected in the dismissal, we would enforce the intent of the parties and collateral estoppel would apply.

Id.

¶ 25 In the instant case, the elements of adjudication on the merits, obviously lacking in the Chaney Building Co. case, are clearly present. The issue of valuation was litigated to the point where a formal judgment was entered in favor of the Taxpayer, directing the Assessor to change the tax rolls to reflect a more favorable valuation for the subject property. Without question, that judgment was intended to be and is clearly binding on the parties as it relates to the valuation of the property for the subject tax year, and the Taxpayer’s entitlement to an appropriate refund of excess taxes paid based upon the original valuation by the Assessor.
¶ 26 Any reliance by the government on Columbia Parcar Corp. v. Arizona Department of Transportation, 193 Ariz. 181, 971 P.2d 1042 (App.1999) is equally misplaced. In that case, the issue was whether a superi- or court ruling directing that an issue be remanded for further administrative hearings constituted a ruling “on the merits” which would entitle the complaining party to an award of attorneys’ fees under § 12-348(A)(2). 193 Ariz. at 182, ¶ 1, 971 P.2d at 1043. The court of appeals correctly held that such court action was procedural in nature, and did not at that point in the litigation constitute an “adjudication on the merits,” as required by the statute. This court noted that:
It is generally held that where the word “merits” is used when referring to a case having been determined on the merits, “it embraces a consideration of substance, not of form; of legal rights, not of mere defects of procedure or practice or the technicalities thereof.” Cero Realty Corp. v. American Mfrs. Mut. Ins. Co., 171 Ohio St. 82, 167 N.E.2d 774, 777 (Ohio 1960); see also, Fairmont Aluminum Co. v. Comm’r of Internal Revenue, 222 F.2d 622, 625 (4th Cir.1955) (“A judgment on the merits is one which is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction or form.”).
Id. at 183-84, ¶ 15, 971 P.2d at 1044-45. Cf. also Corley v. Ariz. Bd. of Pardons & Parroles, 160 Ariz. 611, 614-15, 775 P.2d 539, 542-43 (App.1989) (holding that, for purposes of an award of attorneys’ fees, a “prevailing party” must receive some relief on the merits of their claim; achieving a remand based upon a violation of due process rights did not constitute some relief on the merits.)
¶ 27 Here, the Taxpayer “victory” was not mere interim success nor the result of prevailing upon a procedural or due process point. Substantive legal rights — the reduction in valuation and change in the tax roll reflecting same, plus a refund for excessive taxes paid — have been achieved with finality, and cannot be changed or altered by the government for the tax year in question.
¶ 28 Cases from other jurisdictions support the conclusion that the judgment entered here should be treated as an adjudication on the merits. See, e.g., Hanley v. Mazda Motor Corp., 239 Mich.App. 596, 609 N.W.2d 203, 204 (2000); Kashnier v. Donelly, 81 Ohio App.3d 154, 610 N.E.2d 519, 520 (1991) (“A judgment entered by consent, although predicated upon an agreement between the parties, is an adjudication as effective as if the merits had been litigated and remains, therefore, just as enforceable as any other validly *567 entered judgment, for res judicata purposes.”); Wieland v. Danner Auto Supply, Inc., 695 P.2d 1332, 1334 (Okla.1984) (concluding judgment by confession has same legal effect as judgment entered after trial by jury or to court; judgment is final determination of rights of parties in action, thus confession of judgment against defendant is final determination that plaintiff prevailed on his claim); Day v. Davidson, 951 P.2d 378, 382 (Wyo.1997) (concluding judgment entered pursuant to an offer and acceptance of judgment must be treated as judgment on the merits unless court allows parties to agree on effect given to judgment). For example, the Michigan Court of Appeals held “that a judgment entered pursuant to the acceptance of an offer of judgment under [Michigan’s civil rules[5]] functions as a full and final adjudication on the merits.” Han-ley, 609 N.W.2d at 204.
In our judgment, an offer of judgment more nearly emulates a judgment after a trial rather than a form of settlement. In our minds, the key defining point is that private party settlement or mediation involve collective consideration of the facts favoring each party, discussion of the issues, arms-length negotiation and compromise, and contemplation of both entry of judgment and dismissal of the action, whereas an offer of judgment is a unilateral act seeking final resolution of a controversy with sanction of a court by entry of an enforceable judgment. This unilateral act results from a party’s independent evaluation of the merits of the case with an eye toward complete resolution of the matter.
Id. at 208.
¶ 29 In summary, I believe that a judgment entered that results in the type of affirmative relief sought by the Taxpayer, whether it is the result of an offer of judgment, or by stipulation or “consent,” constitutes an “adjudication on the merits” that allows the Taxpayer to request a discretionary award of attorneys’ fees pursuant to section 12-348(B). To paraphrase our supreme court in Wilderness World, the Taxpayer “should not be penalized for winning.” 182 Ariz. at 202, 895 P.2d at 114. I would remand this case to the Tax Court for its determination as to whether the Taxpayer is entitled to recover any or all of its attorneys’ fees, subject to the court’s discretion and the statutory cap set forth in A.R.S. § 12-348(E)(5).

. As cited by the court, "In pertinent part, MCR 2.405(B) provides that '[u]ntil 28 days before trial, a party may serve on the adverse party a written offer to stipulate to the entry of a judgment for the whole or part of the claim, including interest and costs then accrued.’ If accepted pursuant to the rule, '[t]he court shall enter a judgment according to the terms of the stipulation,’ MCR 2.405(C)(1)...." Hanley, 609 N.W.2d at 206 (alteration original).