[Civil No. 1232.   Filed June 28, 1913.]

[133 Pac. 410.]

SILVESTER GOULD, SILAS H. GOULD, Her Husband,
and SILAS GOULD, Jr., an Infant Son of said SIL-
VESTER GOULD and SILAS H. GOULD, Appellants,
v. P. B. SOTO and ANTHONY COENEN, Executors of
the Estate of ALTAGRACIA OCHOA, Deceased, Ap-
pellees.

1. JUDGMENT — RES ADJUDICATA — PARTIES—PRESENCE BY REPRESENTA-
TION.—Where in ejectment defendants other than an infant claimed
no title, but the infant by his guardian *ad litem* claimed the equita-
ble title to the property under an alleged contract between his
mother and plaintiffs' testatrix that, in consideration of the mother's
services in caring for testatrix, she would leave the property to the
infant, such action was barred by a former judgment against the
infant's parents in the same court as trustees of an express trust
for the infant to enforce the same contract, though the infant was
not formally joined as a party to such suit under Civil Code of
1901, paragraph 1299, giving to the trustee of an express trust the
absolute right to maintain an action for the benefit of the *cestui
que trust* without joining the beneficiary.

2. JUDGMENT — RES ADJUDICATA — DETERMINATION—DEMURRER—OBJEC-
TION TO INTRODUCTION OF EVIDENCE.—An objection to the introduc-
tion of any evidence on the ground that the complaint showed on
its face that plaintiffs had no equities and were not entitled to main-
tain a suit in equity, and that they had an adequate remedy at law
and had elected to pursue the same, was in the nature of a de-
murrer to the complaint, and, having been sustained and judgment
rendered, such judgment was on the merits and available to sup-
port a plea of *res adjudicata.*

APPEAL from a judgment of the District Court of the
First Judicial District, in and for the County of Pima. John
H. Campbell, Judge. Affirmed.

The facts are stated in the opinion.

Mr. Owen T. Rouse and Mr. J. M. Feier, for Appellants.

Mr. S. L. Kingan, for Appellee.

CUNNINGHAM, J.—This is a statutory action in the
nature of an action in ejectment commenced by the appellees

against the appellants in the court below to recover for the estate of Altagracia Ochoa, deceased, the possession of lots 5 and 9 of block 230 of the Tucson townsite, together with rent therefor alleged to be overdue. The complaint is in substantially the form employed in such actions, and among other things alleges that Silas Gould, as the minor son of Silas H. and Silvester Gould, and the defendants are members of and constitute one family. It is further alleged that Silas H. Gould with his family were tenants of the deceased at the time of her death and as such occupied part of the buildings on lot 5, and after her death they became the tenants of these appellees as executors and as such tenants occupied all the buildings on lot 5 at a rental of $20 per month and under a lease from month to month. It is further alleged that Silvester Gould, as trustee for Silas Gould, Jr., claims some right in the premises adverse to the plaintiffs. Demand for the possession and for the payment of rent and refusal are alleged. The relief prayed is the restitution of the possession, a judgment for rent, costs and general relief.

Silas H. Gould makes no individual claim to the property, but defends as the father of Silas Gould, Jr. He sets forth a paramount equitable title to the property in his said minor son, Silas, and alleges that the possession is held by Silvester Gould, his wife, under the equitable title of the minor son. Silvester, the wife and mother, makes no defense in her individual right, but as the guardian *ad litem* of the minor, Silas Gould, she sets up the same equitable title interposed by Silas H. Gould. The equitable title thus pleaded by the defendants is alleged by them to have arisen from an oral contract made between Silvester Gould and her sister, the decedent, by the terms of which Silvester promised to devote her personal services to the necessities of decedent as long as decedent should live, and in consideration therefor decedent promised to convey the property here in question to the minor son, Silas Gould. It is alleged that pursuant to such agreement Silvester took possession of the said premises, and devoted her personal services to the necessities of the decedent, as promised, but no conveyance of the property was made by decedent, nor has any conveyance been made by anyone since her death. They pray that these plaintiffs, executors, be required to make a conveyance of said property to Silas Gould,

Jr., in accordance with such contract. To this new matter plaintiffs pleaded in bar as an estoppel a judgment in their favor recovered by them of these defendants in the same court involving the same contract and equitable title, and allege that such judgment was on the merits, between the same parties, and it is yet a valid, subsisting judgment unreversed. To this plea in bar the defendant Silas Gould, Jr., by his guardian *ad litem,* denies that he was a party to the suit mentioned in plaintiffs' reply "in his own proper person or by anyone having legal authority whatever to represent him in any such action. . . ." The cause went to trial first upon the issues raised on the plea in bar. Upon the trial in support of their plea, plaintiffs introduced the complaint, answer, and judgment in the former action and the evidence of a witness. The defendants offered no evidence. The court upon a hearing sustained the plea.

After the plea in bar had been sustained, the cause proceeded to trial upon the remaining issues and resulted in a judgment for plaintiffs against all the defendants for the immediate possession of the property and against Silas H. Gould alone for the accrued rent and for rent to accrue at a monthly rate and for costs. The defendants moved for a new trial and assigned many grounds for the motion, but we deem it unnecessary in this opinion to set forth these grounds in detail. The court denied the motion for a new trial, and the defendants appeal from the judgment and from the order refusing a new trial.

The appellants assign as error the order sustaining the plea in bar for the reasons the evidence offered in its support was not sufficient to show that the judgment was *res adjudicata* of the questions presented in the defendants' defense and cross-complaint. That the rights of Silas Gould, Jr., could not be decided upon a demurrer nor motion, but they must be decided upon the merits, and the judgment offered was not rendered on the merits. The other assignments are too general to merit notice.

On the question of the plea of *res adjudicata* the complaint, answer and judgment were filed as exhibits and are before us, but the oral testimony of the witness introduced is not before us. It is clear, however, from these exhibits, that the former action was prosecuted by the plaintiffs therein as trus-

tees of an express trust to enforce the specific performance of a contract made by one of them for the benefit of Silas Gould, Jr. It is equally clear that the contract therein involved is the identical contract set up in the cross-complaint in this action, and for the maintenance of the cause of action in the former, as well as to maintain the defense in the cross-complaint, the identical evidence would be required. In each the validity of the title of Silas Gould, Jr., wholly depends upon the existence and binding effect of the contract set forth. In each the same *res* or thing is involved.

There can be no serious question that the rights of Silas Gould, Jr., could be amply protected by the trustee with whom the contract was made for his benefit. The law gives such trustee the absolute right to maintain such an action for the benefit of a *cestui que trust* without the formality of joining such beneficiary in the action. Par. 1299, Rev. Stats. Ariz. 1901. The complaint offered and received in evidence is conclusive that such action was prosecuted for the sole benefit of Silas Gould, Jr. Upon the face of that complaint it is alleged "that plaintiffs (Silas H. and Silvester Gould) have no personal interest in said real estate and no personal claim against the estate of said" decedent. The claim that Silas Gould, Jr., was not a party to such action is wholly without foundation. True, he was not named as a party in the title of the action, but the only rights submitted were his rights, and, if the judgment rendered in that action would be binding at all, it would bind him and adjudicate his rights. The beneficiary in such action is in effect and to all intents and purposes the real party in interest. 23 Cyc. 1245.

The oral evidence, not preserved in the record, was offered, we must presume, to supply any defects in evidence not furnished by the exhibits and served with such documentary evidence to support the finding of the court on the issues presented by the plea. In such a suit commenced and prosecuted by the party with whom the contract involved was made for the benefit of another, the judgment rendered therein will bind the beneficiary in all respects in the same manner and to the same extent as if he had commenced and prosecuted such action in his own name.

The appellants further contend that the decree or judgment in the former action is not conclusive as a bar in this action,.

for the reason such judgment was not upon the merits but was a dismissal of that action upon demurrer without a trial on the merits, and for that reason it was in effect a nonsuit. This raises the question, What is a judgment on the merits?

"To create such a judgment, it is by no means essential that the controversy between the plaintiff and the defendant be determined 'on the merits,' in the moral or abstract sense of those words. It is sufficient that the *status* of the action was such that the parties might have had their lawsuit disposed of according to their respective rights, if they had presented all their evidence and the court had properly understood the facts and correctly applied the law. But if either party fail to present all his proofs, or improperly manage his case, or afterward discover additional evidence in his behalf, or if the court find contrary to the evidence, or misapply the law, in all these cases the judgment, until corrected or vacated in some appropriate manner, is as conclusive upon the parties as though it had settled their controversy in accordance with the principles of abstract justice. Frequent instances occur tending to convince us of the unwelcome truth that many judgments, which in law are regarded as being 'on the merits,' are, in fact, repugnant to any disposition of the rights of the parties 'on the merits,' as those words would be employed in relation to the ordinary affairs of men." Freeman on Judgments, 3d ed., sec. 260.

An examination of the judgment in the record offered in evidence discloses that the trial of the action came to an end when the plaintiffs offered evidence in support of the allegations of their complaint. The defendants objected to the introduction of any evidence upon the grounds that the complaint shows upon its face that the plaintiffs had no equities and are not entitled to sustain an action for specific performance; and, having an adequate remedy at law and having elected to pursue the same, plaintiffs were estopped from maintaining such action. Upon these grounds the court sustained the objection and refused to permit the plaintiffs to offer any evidence whatever, and upon motion of defendants the court ordered the cause dismissed. An objection to the introduction of any evidence is in all respects equivalent to and raises the same questions as a demurrer to the complaint. *Goodrich v. Board etc.*, 47 Kan. 355, 18 L. R. A. 113, 27 Pac. 1006;

*Johnson* v. *State Bank*, 59 Kan. 250, 52 Pac. 860; *Raymond* v. *Blancgrass*, 36 Mont. 449, 15 L. R. A., N. S., 976, 93 Pac. 648; *Hoskins* v. *Northern Pac. Ry. Co.*, 39 Mont. 394, 102 Pac. 988.

In this instance the objection was in effect a demurrer to the complaint upon the grounds that the complaint fails to state facts sufficient to constitute a cause of action entitling the plaintiffs to any equitable relief. ''A demurrer to a complaint because it does not state facts sufficient to constitute a cause of action . . . raises an issue which, when tried, will finally dispose of the case as stated in the complaint, on its merits, unless leave to amend or plead over is granted. The trial of such an issue is a trial of the cause as a cause, and not the settlement of a mere matter of form in proceeding. There can be no other trial except at the discretion of the court, and, if final judgment is entered on the demurrer, it will be a final determination of the rights of the parties which can be pleaded in bar to any other suit for the same cause of action.'' *Alley* v. *Nott*, 111 U. S. 472, 28 L. Ed. 491, 4 Sup. Ct. Rep. 495; *City of Los Angeles* v. *Mellus*, 58 Cal. 16, 19, reaffirmed in 59 Cal. 455; 2 Black on Judgments, 848, sec. 709.

It is clear that the former action was a general dismissal on the merits and a final decree rendered thereon, and no leave to amend nor plead over was given by the court. A judgment so rendered will constitute a bar to the use of the same cause of action there involved as a counterclaim in a subsequent action at law between the same parties. *Baker* v. *Cummings*, 181 U. S. 117, 45 L. Ed. 776, 21 Sup. Ct. Rep. 578. And with equal force will it constitute a bar to the use of the cause of action there involved as a defense set up in a cross-complaint in a subsequent action at law between the same parties, as is attempted here.

We have found no reversible error on the record presented, and therefore the judgment is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

NOTE.—As to conclusiveness upon beneficiaries of judgments against trustees, see notes in 34 Am. Dec. 722; 73 Am. St. Rep. 164.

As to decree on merits rendered on demurrer and its effect as constituting former adjudication, see note in Ann. Cas. 1913A, 541.