*561 OPINION
THOMPSON, Presiding Judge.
¶ 1 This appeal challenges the tax court’s denial of attorneys’ fees to 4501 Northpoint LP (Taxpayer) after it accepted an offer of judgment from Maricopa County (County). The tax court ruled that the judgment, entered pursuant to Arizona Rule of Civil Procedure 68, was not an adjudication on the merits qualifying Taxpayer to receive attorneys’ fees under Arizona Revised Statutes (A.R.S.) section 12-348(B)(1) (2003). For the following reasons, we affirm.
FACTUAL AND PROCEDURAL HISTORY
¶ 2 This case arises out of a property tax valuation for the AMC theater complex and garages located at the Esplanade in Phoenix (Property). The Board of Equalization set the Property’s full cash value at $13,597,923 for the 2000 tax year. Taxpayer filed its complaint in the Arizona State Tax Court on November 24, 1999, and trial was set for June 4,2002.
¶ 3 On April 10, 2002, the County offered to reduce the valuation to $12,000,000, but Taxpayer rejected the offer. The County sent Taxpayer an offer of judgment pursuant to Rule 68 on May 2, 2002. This time, the County offered to reduce the full cash value to $12,000,000 and to pay for costs but not attorneys’ fees. Taxpayer filed a notice of partial acceptance of offer of judgment under Rule 68(c)(3), accepting the value and costs award but requesting attorneys’ fees in accordance with A.R.S. §§ 12-348 and 12-349 (2003). The County cross-moved for attorneys’ fees incurred after April 10, 2002, or, at least, for attorneys’ fees incurred in responding to Taxpayer’s fee application.
¶ 4 Following oral argument, the tax court ruled from the bench that Taxpayer could recover attorneys’ fees. The tax court subsequently reversed itself, ruling that the Rule 68 judgment was not an adjudication on the merits entitling Taxpayer to attorneys’ fees.
¶ 5 Ultimately, the tax court entered judgment. This appeal followed.
DISCUSSION
A. The Rule 68 judgment does not qualify as an adjudication on the merits
¶ 6 Statutory interpretation issues are questions of law subject to de novo review. Columbia Parear Corp. v. Ariz. Dep’t of Transp., 193 Ariz. 181, 183, ¶ 11, 971 P.2d 1042, 1044 (App.1999) (citations omitted). This case turns on the interpretation of A.R.S. § 12-348(B)(1), which states:
In addition to any costs which are awarded as prescribed by statute, a court may award fees and other expenses to any party, other than this state or a city, town or county, which prevails by an adjudication on the merits in an action brought by the party against this state or a city, town or county challenging:
1. The assessment or collection of taxes or in an action brought by this state or a city, town or county against the party to enforce the assessment or collection of taxes.
¶ 7 In interpreting a statute, “[o]rdinarily each word, phrase, clause, and sentence ... must be given meaning so that no part of the statute will be void, inert, redundant, or trivial.” Columbia, 193 Ariz. at 185, ¶ 20, 971 P.2d at 1046 (citation omitted). Under this rule, the phrase “adjudication on the merits” entails a judicial determination on the substantive cause of action and must be given effect. Id.; see generally Black’s Law Dictionary 42 (6th ed.1990) (stating that an adjudication “implies a hearing by a court, after notice, of legal evidence on the factual issue(s) involved”). It is not enough to obtain judgment by a consent decree or settlement agreement. Otherwise, the statute would award fees simply for “prevailing,” as in any case in which a taxpayer obtains a reduction in value. See Arnold v. Ariz. Bd. of Pardons and Paroles, 167 Ariz. 155, 159, 805 P.2d 388, 392 (App.1990) (distinguishing between prevailing or successful parties and *562 those who prevail by an adjudication on the merits); State ex rel. Corbin v. Challenge, Inc., 151 Ariz. 20, 28, 725 P.2d 727, 735 (App.1986) (same); Wieland v. Danner Auto Supply, Inc., 695 P.2d 1332, 1333-34 (Okla.1984) (same).
¶ 8 In addition, a taxpayer who obtains a reduction in valuation by accepting an offer of judgment is different than a “successful party” in a contract case for purposes of A.R.S. § 12-341.01 (2003) (providing that the court may award reasonable attorneys’ fees to the successful party in a case that arises out of contract). As we stated in Challenge, Inc., 151 Ariz. at 28, 725 P.2d at 735:
We acknowledge that a party who appeals and succeeds in reversing the trial court’s entry of summary judgment may be a “successful party” on appeal and thus may be entitled to an award of attorney’s fees pursuant to A.R.S. § 12-341.01____ That statute, however, is readily distinguishable from A.R.S. § 12-348 which expressly permits fees only to a party which prevails by an adjudication on the merits.
Id. In other words, a successful party under A.R.S. § 12-341.01 need not prevail by an adjudication on the merits to obtain attorneys’ fees. However, a taxpayer must not only obtain a reduction in valuation but also prevail by an adjudication on the merits in order to obtain attorneys’ fees under A.R.S. § 12-348. The act of accepting an offer of judgment does not go to “the merits” of an action because there are several reasons why a party may accept an offer of judgement that do not necessarily include any resolution of the merits. See Cromwell v. County of Sac, 94 U.S. 351, 356, 24 L.Ed. 195 (1876) (stating that “[vjarious considerations, other than the actual merits, may govern a” party’s decision to go forward with a claim or defense).
¶ 9 The County cites Columbia to support this view. In that ease, the plaintiff had persuaded the superior court to set aside portions of an administrative order for further administrative proceedings on remand. Columbia, 193 Ariz. at 182, ¶ 8, 971 P.2d at 1043. The court, however, declined to award attorneys’ fees to the plaintiff pursuant to A.R.S. § 12-348(A)(2), which provides for fees to a party that prevails by an adjudication on the merits in a court proceeding to review a state agency decision.[1] Id. at 183, ¶ 9, 971 P.2d at 1044. We explained in that case that the word “merits” “embraces a consideration of substance, not of form; of legal rights, not of mere defects of procedure or practice or the technicalities thereof.” Id. at ¶ 15, 971 P.2d 1042 (quotations omitted). Thus, the remand ruling was procedural and did not qualify as an adjudication on the merits, notwithstanding the court’s determinations on which issues to remand. Id.; see generally I Arizona Appellate Handbook § 11.2.1.4, at 11-10 (Sheldon H. Weisberg & Paul G. Ulrich, eds., 4th ed.2000).
¶ 10 In this case, the superior court entered a judgment, not an interlocutory order. Entering a Rule 68 judgment, however, does not determine the substance of issues but instead qualifies as a perfunctory act performed pursuant to the parties’ agreement. Pope v. Gap, Inc., 125 N.M. 376, 961 P.2d 1283, 1289 (N.M.Ct.App.1998) (citations omitted). The court ordinarily exercises no discretion because, once the judgment is accepted, the court simply enters it. Id; Am. Mut. Liab. Ins. Co. v. Mich. Mut. Liab. Co., 64 Mich.App. 315, 235 N.W.2d 769, 776 (1975) (explaining that the act of signing a judgment based upon consent is ministerial only).
¶ 11 The Arizona Supreme Court bolstered this view in Chaney Bldg. Co. v. City of Tucson, 148 Ariz. 571, 716 P.2d 28 (1986). The court rejected an argument that a stipu *563 lation to dismiss one defendant and the corresponding dismissal had collateral estoppel effect in litigation against another defendant. Id. at 572-73, 716 P.2d at 29-30. The court explained that “[n]othing is adjudicated between parties to a stipulated dismissal” and “none of the issues is actually litigated” in the case of a judgment entered by confession, consent, or default. Id. at 573, 716 P.2d at 30 (citations omitted). A consent judgment may be conclusive as to an issue only if the parties have manifested such an intent in the agreement. Id. Otherwise, the issue remains unresolved.[2] Id.
¶ 12 Likewise, we cannot say that the Rule 68 judgment here qualifies as an adjudication on the merits. At no time did the trial court receive evidence or rule on the substance of the issues. The trial court’s sole involvement, other than to rule on continuances, was to rule on the request for attorneys’ fees. Nothing in the judgment indicates that the parties intended to be bound to any determination of fact or law. As a result, Taxpayer is not entitled to attorneys’ fees.
B. Rule 68(c)(3) does not control a taxpayer’s right to attorneys’ fees
¶ 13 Taxpayer alternatively argues that Rule 68(c)(3) authorizes it to recover attorneys’ fees. Rule 68(c)(3) provides in part:
Partial Acceptance of Offer; Procedure. If, while such an offer remains effective within the meaning of this Rule, the adverse party serves written notice that the portion of the offer stating the monetary award to be made on the causes of action asserted is accepted, either party may file the offer together with proof of acceptance thereof and may apply to the court for a determination whether attorneys’ fees should be awarded and, if so, the amount thereof.
¶ 14 It is fundamental that attorneys’ fees are awardable in Arizona to the prevailing party “only when expressly authorized by contract or statute.” Burke v. Ariz. State Retirement Sys., 206 Ariz. 269, 270, ¶ 7, 77 P.3d 444, 447 (App.2003), review denied (Mar. 16, 2004) (citations omitted). Rule 68(c)(3) creates no exception. By its terms, the rule allows a party to partially accept a form of judgment and then apply for fees. It is A.R.S. § 12-348(B) that determines the right to obtain fees in this dispute, not Rule 68(c)(3).
C. Res judicata and collateral estoppel do not apply
¶ 15 In an effort to bolster its argument, Taxpayer invokes a series of non-Arizona cases holding that an accepted and satisfied offer of judgment acts or functions as an adjudication on the merits to bar subsequent claims for the same cause of action. One example is Hanley v. Mazda Motor Corp., 239 Mich.App. 596, 609 N.W.2d 203 (2000). In Hanley, the plaintiff owned a car produced through a joint venture between Ford and Mazda. Id. at 204. The plaintiff accepted an offer of judgment from Ford in a lawsuit arising out of injuries from a ear accident. Id. When the plaintiff later sued Mazda, it argued that the Rule 68 judgment against Ford precluded the plaintiff from obtaining relief on the same cause of action against Mazda. Id. at 205.
¶ 16 The Michigan Court of Appeals determined that an entered and satisfied offer of judgment “functions as a full and final adjudication on the merits” in order to preclude a subsequent cause of action for injuries that arose out of the same cause of action. Id. at 208. The fact that a judgment “functions” as an adjudication on the merits implies that it is actually a different kind of judgment alto *564 gether. It only operates as an adjudication on the merits to further the res judicata policy “to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication.”[3] Satsky v. Paramount Communications, Inc., 7 F.3d 1464, 1467 (10th Cir.1993) (citation omitted); see also Cromwell, 94 U.S. at 352, 24 L.Ed. 195 (stating that a judgment on “the merits constitutes an absolute bar to a subsequent action”).
¶ 17 In an attempt to illustrate what is actually entailed in a Rule 68 judgment, the County invokes the doctrine of collateral estoppel. This doctrine applies when the issue or fact in question was actually litigated and finally decided in a previous suit, a final judgment was entered, the party bound had a full and fair opportunity to litigate the issue, and the issue or fact was essential to the prior judgment. Chaney, 148 Ariz. at 573, 716 P.2d at 30 (citations omitted). As Taxpayer points out, collateral estoppel cannot entirely apply here because the parties did not litigate the tax valuation issue in a previous suit. Nevertheless, the fact remains that Rule 68 judgments do not adjudicate the merits of a case. See Cromwell, 94 U.S. at 354, 24 L.Ed. 195 (explaining that estoppel of a judgment only applies to issues “actually litigated”). Therefore, Taxpayer’s Rule 68 judgment is not an adjudication on the merits for purposes of A.R.S. § 12-348(B)(1).[4]
¶ 18 The dissent argues that, because numerous cases give res judicata effect to stipulated judgments that are then treated as if the merits of each such case were implicated in its resolution, we must conclude that the Rule 68 judgment here is “on the merits.” However, whether a judgment is entitled to res judicata effect for purposes of, for example, barring further litigation of the same claim, is an entirely different question than that presented here: Whether the taxpayers must pay attorneys’ fees for a claimant who has not accomplished a judicial determination on the evidence that the claim was meritorious. Furthermore, the dissent’s view of the statute would provide a disincentive for the state to settle claims brought against it.
CONCLUSION
¶ 19 For the foregoing reasons, we affirm the trial court’s judgment and deny Taxpayer’s request for an award of attorneys’ fees on appeal.
CONCURRING: JOHN C. GEMMILL, Judge.

. That statute provides:
(A) In addition to any costs which are awarded as prescribed by statute, a court shall award fees and other expenses to any party other than this state or a city, town or county which prevails by an adjudication on the merits in any of the following:
2. A court proceeding to review a state agency decision, pursuant to ... any .., statute authorizing judicial review of agency decisions.
A.R.S. § 12-348(A)(2).

. Ferreira v. Superior Court, 189 Ariz. 4, 938 P.2d 53 (App.1996), is not to the contrary. That case discusses whether the double jeopardy clause attaches in a subsequent prosecution when the prior civil forfeiture proceeding was uncontested. Id. at 9, 938 P.2d at 58. We cited United States v. Ursery, 59 F.3d 568, 571-72 (6th Cir.1995), for the proposition that a forfeiture action resolved by a consent decree is an adjudication on the merits. The United States Supreme Court later reversed the Sixth Circuit in United States v. Ursery, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996).

. For this reason, Taxpayer has misplaced its reliance upon Eklund v. PRI Envtl., Inc., 25 P.3d 511 (Wyo.2001), Day v. Davidson, 951 P.2d 378 (Wyo.1997), and Kashnier v. Donelly, 81 Ohio App.3d 154, 610 N.E.2d 519 (1991). All three cases recognize that, although a judgment may function as an adjudication on the merits, it does not actually resolve the merits. Like the Hanley court, the Eklund court stated that consent judgments and dismissals with prejudice are "the equivalent of a judgment on the merits for purposes of res judicata.” 25 P.3d at 517, ¶ 17. The Day court held that a consent "judgment is to be treated the same as any other judgment,” including one entered after an adjudication on the merits. 951 P.2d at 382. Accordingly, a consent judgment entered by a store in a personal injury action by a store patron established a limit on the damages that could be claimed in a subsequent action by the patron against a store employee. Id. at 383. Meanwhile, the Kashnier court found that a consent judgment is enforceable for res judicata purposes "as if the merits had been litigated.” 610 N.E.2d at 520.

. Bloomer Shippers Association v. Illinois Central Gulf Railroad Company, 655 F.2d 772 (7th Cir.1981), does not hold otherwise. In that case, the court ruled that a dismissal with prejudice, not a consent judgment, was a final adjudication on the merits triggering res judicata. Id. at 777.