SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| 4501 NORTHPOINT LP, a limited partnership, | ) ) Arizona Supreme Court |
| | ) No. CV-05-0124-PR |
| Plaintiff-Appellant, | ) ) |
| | ) Court of Appeals |
| v. | ) Division One |
| | ) No. 1 CA-TX 02-0027 |
| MARICOPA COUNTY, | ) |
| | ) Arizona Tax Court |
| Defendant-Appellee. | ) No. TX99-000408 |
| | ) |
| _____ | ) **O P I N I O N** |

Appeal from the Arizona Tax Court
The Honorable Paul A. Katz, Judge

**REMANDED**

_____

Opinion of the Court of Appeals, Division One
209 Ariz. 569, 105 P.3d 1188 (App. 2005)

**VACATED**

_____

FENNEMORE CRAIG, P.C.                                    Phoenix
     By Paul J. Mooney
        Jim L. Wright
        Paul Moore
Attorneys for 4501 Northpoint LP

ANDREW THOMAS, MARICOPA COUNTY ATTORNEY                  Phoenix
     By Richard W. Garnett
Attorneys for Maricopa County

_____

**B A L E S**, Justice

**¶1**        Section 12-348(B) of the Arizona Revised Statutes ("A.R.S.") (2003) authorizes an award of attorneys' fees to a taxpayer who "prevails by an adjudication on the merits" in an

action challenging the assessment or collection of taxes.  In this case, we hold that a taxpayer who accepts an offer of judgment in the taxpayer's favor under Rule 68 of the Arizona Rules of Civil Procedure has prevailed by an adjudication on the merits and is therefore eligible for a fee award under § 12-348(B).

## I.

¶2    For purposes of property tax valuation, Maricopa County set the full cash value of a theater complex owned by 4501 Northpoint LP ("Northpoint") at $13,597,923 for the 2000 tax year.  Northpoint challenged this assessment by filing an action in the tax court.  Less than two months before the scheduled trial, the County made a settlement offer to reduce the valuation to $12,000,000, but Northpoint rejected this offer.  The parties continued pre-trial discovery.

¶3    When the trial was slightly more than a month away, the County made Northpoint an offer of judgment pursuant to Rule 68.  The County offered to reduce the full cash value to $12,000,000 and to pay Northpoint's costs but not attorneys' fees.

¶4    Rule 68 allows either party to serve upon the adverse party an offer to allow judgment to be entered in accordance with the terms of the offer.  Ariz. R. Civ. P. 68(a).  If the offeree accepts the offer, the court will subsequently enter a

2

corresponding judgment. *Id.* 68(b). If the offeree rejects the offer and does not later obtain a more favorable judgment in the case, the offeree must pay sanctions to the offeror. *Id.* 68(d). These sanctions include reasonable expert witness fees and double the taxable costs incurred by the offeror after making the offer, as well as post-offer prejudgment interest on unliquidated claims. *Id.*

¶5 Special procedures apply if, as in this case, the action involves a claim for attorneys' fees. In that event, Rule 68(c)(1) directs that the offer shall set forth separately the amount of any monetary award to be made on the asserted causes of action and the amount of attorneys' fees to be awarded if the offer is accepted. The offeree then has three options: 1) reject the offer, 2) fully accept the offer, or 3) partially accept the offer as it concerns the monetary award on the causes of action while reserving the right to apply to the court for a determination of the amount of attorneys' fees, if any, to be awarded. *Id.* 68(c)(2), (3). After the court determines the fee issue, judgment is entered reflecting that determination along with the parties' agreed upon monetary award. *Id.* 68(c)(3).

¶6 Pursuant to Rule 68(c)(3), Northpoint partially accepted the County's offer of judgment. Northpoint accepted the offer insofar as the County agreed to reduce the full cash value of the property to $12,000,000, and Northpoint applied to

3

the court for attorneys' fees under A.R.S. §§ 12-348(B) and 12-349 (providing for fee awards for unjustified actions). The County opposed any award to Northpoint and also sought an award of fees it incurred after its initial settlement offer or, alternatively, an award under § 12-349 for fees incurred in responding to Northpoint's fee request.

¶7 The tax court ruled that Northpoint's acceptance of the County's Rule 68 offer of judgment was not an adjudication on the merits. Accordingly, Northpoint could not recover fees under § 12-348(B). The tax court also denied each party's request for a fee award under § 12-349.

¶8 Northpoint appealed the denial of fees under § 12-348(B). A divided panel of the court of appeals affirmed, stating that entry of a judgment pursuant to Rule 68 does not reflect any substantive determination of issues by the trial court and therefore is not an adjudication on the merits that allows a fee award under § 12-348(B). *4501 Northpoint LP v. Maricopa County*, 209 Ariz. 569, 574, ¶ 17, 105 P.3d 1188, 1193 (App. 2005). In dissent, Judge Winthrop noted that Northpoint had achieved substantive relief in its favor through the Rule 68 judgment, which sufficed to make Northpoint eligible for a discretionary fee award under § 12-348(B). *Id.* at 574-76, ¶¶ 20-27, 105 P.3d at 1193-95.

¶9 Because the meaning of the phrase "prevails by an

4

adjudication on the merits" as used in § 12-348(B) is an issue of statewide importance and "no Arizona decision controls the point of law in question," we granted Northpoint's petition for review. ARCAP 23(c)(3). We have jurisdiction pursuant to Article 6, Section 5(3), of the Arizona Constitution and A.R.S. § 12-102. The issue is one of statutory construction and is reviewed de novo. *City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, 547, ¶ 8, 105 P.3d 1163, 1166 (2005).

## II.

¶10     In A.R.S. § 12-348, the legislature has authorized courts to award attorneys' fees and other expenses to certain parties who prevail by an adjudication on the merits in specified proceedings against the State or a city, town, or county. At issue here is § 12-348(B)(1), which provides as follows:

> In addition to any costs which are awarded as prescribed by statute, a court may award fees and other expenses to any party, other than this state or a city, town or county, which prevails by an adjudication on the merits in an action brought by the party against this state or a city, town or county challenging:
>
> 1. The assessment or collection of taxes or in an action brought by this state or a city, town or county against the party to enforce the assessment or collection of taxes.

¶11     Another subsection of § 12-348 provides that courts

5

shall award fees and expenses to non-governmental parties who prevail "by an adjudication on the merits" in particular actions involving public entities. *See* A.R.S. § 12-348(A)(1)-(6).[1]

¶12    The phrase "prevails by an adjudication on the merits" is not defined in § 12-348. Nor is it defined in other statutes in which it is used. *See, e.g.*, A.R.S. §§ 6-131 (authorizing fee awards to state banking department), 12-2030 (authorizing fee awards to prevailing non-governmental parties in mandamus actions), 49-471.01 (authorizing fee awards to persons who prevail in court actions against counties regarding air pollution regulations).

¶13    Our prior decisions, however, offer some guidance on the proper interpretation of § 12-348. We have recognized that the statute reflects an express legislative intent "to reduce the economic deterrents individuals faced in contesting government actions, magnified by the disparity between the resources and expertise of the government and individuals." *Wilderness World, Inc. v. Dep't of Revenue*, 182 Ariz. 196, 202, 895 P.2d 108, 114 (1995) (quoting *Ariz. Tax Research Ass'n v. Dep't of Revenue*, 163 Ariz. 255, 258, 787 P.2d 1051, 1054

---

[1]    Such actions include the defense of civil actions, court proceedings to review state agency decisions, declaratory judgment actions regarding state rulemaking, special actions brought to challenge an action by the State against the party, judicial appeals by the State from personnel board decisions, and civil actions brought by the party to challenge the seizure of personal property. A.R.S. § 12-348(A)(1)-(6).

6

(1989)). Accordingly, "[c]ompelling policy reasons" indicate that fees generally should be awarded under § 12-348(B) when taxpayers successfully challenge the government's wrongful imposition of taxes. *Id.*

¶14    We also have held that a party, in order to "prevail" by an adjudication on the merits, must secure a final resolution of the case in the party's favor. *Scottsdale Healthcare, Inc. v. Ariz. Health Care Cost Containment Sys. Admin.*, 206 Ariz. 1, 8-9, ¶ 29, 75 P.3d 91, 98-99 (2003) (denying fee request as premature under § 12-348(A)(2) for parties who obtained remand for further trial court proceedings). A party does not prevail in this sense merely by obtaining interim or interlocutory relief in a case in which further proceedings are necessary. *See id.*

¶15    The County does not dispute that Northpoint has obtained a favorable final judgment, but nevertheless argues that it has not prevailed "by an adjudication on the merits." The term "adjudication" is generally used to refer both to the legal process of resolving a case and to a judgment. Black's Law Dictionary 45 (8th ed. 2004). The term "adjudication" thus encompasses the entry of a judgment that determines claims in a case, but "adjudication" does not necessarily mean that this determination must follow a trial or even a hearing. *Cf.* Ariz. R. Civ. P. 54(b) (noting that an order or decree that

7

"adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties" is subject to revision absent Rule 54(b) certification).

¶16     Outside of the context of § 12-348, courts often describe a judgment as being "on the merits" if it finally resolves an action in a manner that precludes later relitigation of the claims involved. *See, e.g., Gould v. Soto,* 14 Ariz. 558, 561-62, 133 P. 410, 411-12 (1913); Restatement (Second) of Judgments ("Restatement") § 19 cmt. a (1982). Such a judgment may result from an actual trial on the substantive issues but it need not do so. Restatement § 19 cmt. a.[2]

¶17     A judgment may also be "on the merits" and thus have claim preclusive effect when it results from the stipulation of the parties, *see Suttle v. Seely*, 94 Ariz. 161, 163-64, 382 P.2d 570, 572 (1963), or various pre-trial rulings. *E.g., Union Interchange, Inc. v. Van Aalsburg*, 102 Ariz. 461, 464, 432 P.2d 589, 592 (1967) (noting that summary judgment is a judgment on the merits and a bar to a later suit on the same cause of action); *Roden v. Roden*, 29 Ariz. 549, 553, 243 P. 413, 415 (1926) (observing that "[a] judgment of dismissal 'with

---

[2]     The Restatement (First) of Judgments §§ 48, 49 (1942) provided that judgments rendered "on the merits" would have claim preclusive effect and identified such judgments as based on substantive law rather than merely on rules of procedure. Because the phrase "on the merits" now may refer to judgments that bar the relitigation of a claim while not directly passing on its substance, the Restatement has abandoned the phrase as "possibly misleading." Restatement § 19 cmt. a.

8

prejudice' is the same as a judgment for defendant upon the merits, and, of course, is res judicata as to every matter litigated") (citation omitted); *In re Forfeiture of $3,000.00 U.S. Currency*, 164 Ariz. 120, 121, 791 P.2d 646, 647 (App. 1990) (holding that involuntary dismissal on substantive grounds was "on the merits" for purposes of A.R.S. § 12-504).

¶18      It makes sense to interpret "adjudication on the merits" as used in § 12-348 to similarly include judgments that finally determine the claims involved.  After all, a party that obtains a judgment in its favor that bars relitigation by an opposing governmental party has, in substance, won on the merits, whether or not the judgment has followed a full trial.  Reading "adjudication on the merits" more narrowly would, by denying fees to taxpayers who have successfully challenged the imposition of taxes, unduly "penalize[] [the taxpayer] for winning." *Wilderness World, Inc.*, 182 Ariz. at 202, 895 P.2d at 114.

### III.

¶19      We next consider if a judgment entered pursuant to Rule 68 is an "adjudication on the merits."  By making a Rule 68 offer, the County agreed to allow judgment to be entered against it determining that the cash valuation of the property was $12,000,000 for the 2000 tax year and that the taxpayer was entitled to a refund of excess taxes paid on the challenged

9

higher valuation. The judgment entered after Northpoint accepted the offer would, under ordinary principles of claim preclusion, prevent either Northpoint or the County from relitigating the claims involved. *See* Restatement § 18 (discussing how plaintiff's original claim "merges" into judgment in his favor and defendant cannot later avail himself of defenses that might have been raised in original action); *see also Hanley v. Mazda Motor Corp.*, 609 N.W.2d 203, 208 (Mich. Ct. App. 2000) (holding that Rule 68 judgment functions as an adjudication on the merits for purposes of claim preclusion).

¶20    We hold that because a Rule 68 judgment in the taxpayer's favor is a final resolution that is binding on the County, it is an "adjudication on the merits" for purposes of § 12-348. The court of appeals, however, interpreted § 12-348 as allowing a fee award only if the court enters a judgment based on the court's consideration of evidence or the substance of the claims involved. In reaching this conclusion, the court of appeals noted that § 12-348 allows fees for taxpayers who prevail by an adjudication and this statute, unlike A.R.S. § 12-341.01, does not allow a fee award merely because a party is "successful." *4501 Northpoint*, 209 Ariz. at 571-72, ¶¶ 7-8, 105 P.3d at 1190-91.

¶21    The cases principally relied on by the court of appeals, however, simply recognize that a party is not eligible

10

for a fee award under § 12-348 merely because the party has prevailed in obtaining *interim* or *interlocutory* relief. *See Columbia Parcar Corp. v. Ariz. Dep't of Transp.*, 193 Ariz. 181, 185, ¶¶ 20-21, 971 P.2d 1042, 1046 (App. 1999) (holding plaintiff ineligible for fee award based on trial court ruling that remanded matter for further administrative hearings); *State ex rel. Corbin v. Challenge, Inc.*, 151 Ariz. 20, 28, 725 P.2d 727, 735 (App. 1986) (denying fee request as premature where party obtained reversal of summary judgment on appeal and case was remanded for further proceedings). In this respect, § 12-348 differs from § 12-341.01, which allows, in some circumstances, fee awards to parties that are "successful" in obtaining interim relief. *Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 393-94, 710 P.2d 1025, 1048-49 (1985) (allowing fee award under § 12-341.01 for interlocutory appeal that "finally determine[d] an issue of law sufficiently significant that the appeal may be considered as a separate unit").

¶22     The *Columbia Parcar* and *Challenge, Inc.* opinions illustrate that fees should not be allowed under § 12-348(B) based on an interim decision because either party could still ultimately prevail on the merits. This proposition is not inconsistent, however, with reading § 12-348(B) to allow fees based on a Rule 68 judgment, which is a *final* resolution of the

11

merits of the action, not an interim decision.

¶23 The County, like the court of appeals, also notes that entry of a Rule 68 judgment does not reflect any determination by the court on the substance of issues, but instead simply reflects the court's perfunctory act performed pursuant to the parties' agreement. The fact that a Rule 68 judgment is entered as a result of the parties' agreement, however, does not make it any less of an adjudication on the merits.

¶24 A Rule 68 judgment is entered by the court; it ends the case on its merits and represents a legally enforceable change in the parties' relationship. *See Hanley*, 609 N.W.2d at 208 ("[A]n offer of judgment more nearly emulates a judgment after trial rather than a form of settlement."); *see also Wimbledon Townhouse Condo. I Ass'n v. Kessler*, 425 So. 2d 29, 30 (Fla. Dist. Ct. App. 1983) (a Rule 68 judgment "end[s] the dispute on the merits"); *Fleet v. Sanguine, Ltd.*, 854 P.2d 892, 898 & n.32 (Okla. 1993) ("[T]he offer of judgment removes from judicial consideration all fact issues whose resolution is necessary to the judgment's pronouncement. . . . The judgment that results is considered to be equivalent to a jury verdict.").

¶25 In this regard, the court of appeals erred in relying on *Chaney Building Co. v. City of Tucson*, 148 Ariz. 571, 716 P.2d 28 (1986). That case held that the stipulated dismissal of

12

one defendant from a lawsuit did not preclude the plaintiff from asserting, in the continuing litigation against another defendant, that the dismissed defendant had acted negligently. *Id.* at 573-74, 716 P.2d at 30-31. In noting that "nothing is adjudicated between parties to a stipulated dismissal," *Chaney* merely recognized that issue preclusion applies only to issues that are actually litigated. *Id.* at 573, 716 P.2d at 30.

¶26 *Chaney* illustrates an important difference between claim preclusion and issue preclusion. Under claim preclusion, a prior judgment "on the merits" bars a second suit on the same claim. *Id.* As noted above, a judgment can be "on the merits" for purposes of claim preclusion even if it results from the parties' stipulation or certain pre-trial rulings by the court. *See Suttle*, 94 Ariz. at 163-64, 382 P.2d at 572 (holding that stipulated dismissal was claim preclusive). Issue preclusion, in contrast, applies only as to issues that have in fact been litigated and were essential to a prior judgment. *Chaney*, 148 Ariz. at 573, 716 P.2d at 30; *see also* Restatement § 27. *Chaney* is thus consistent with our conclusion that a judgment entered pursuant to Rule 68 has claim preclusive effect and reflects an "adjudication on the merits" for purposes of § 12-348(B).

¶27 The County also argues that construing § 12-348(B) to allow fee awards based on a Rule 68 judgment would be contrary to public policy. This interpretation, the County argues, would

13

both discourage taxing entities from making offers of judgment under Rule 68 and would encourage private parties to reject early settlement offers in the hope of recovering subsequently incurred fees. We do not find these arguments persuasive.

¶28 When the County made its Rule 68 offer, it obviously sought to obtain the advantage of possibly recovering sanctions if Northpoint rejected the offer and did not do better at trial. By making the Rule 68 offer, the County also had to accept the downside of its possible acceptance: the entry of judgment in favor of the taxpayer. That a judgment entered under Rule 68 has negative consequences for the offeror, including the assessment of costs under A.R.S. § 12-341 or potential exposure to a fee award under § 12-348, is not, in itself, inconsistent with the policies underlying Rule 68. If the County desired to avoid the potential downsides of a Rule 68 judgment, it could have made a settlement offer that excluded any fees rather than an offer of judgment.

¶29 Accepting the County's interpretation could, in fact, undercut the policies underlying both Rule 68 and § 12-348. If, as the County urges, a public entity is insulated from a fee award when it makes a Rule 68 offer, the taxpayer faces two options: 1) accept the offer and thereby forgo any potential fee recovery, a result that would be contrary to the "compelling policy" of generally awarding fees under § 12-348 to taxpayers

14

who successfully challenge the wrongful imposition of taxes, or 2) reject the offer in order to preserve the opportunity to recover fees and expenses after trial, a result that would be contrary to Rule 68's goal of encouraging pre-trial settlement.

¶30    Finally, we note that § 12-348 itself contains provisions that mitigate concerns that potential fee awards will either unduly discourage public entities from making Rule 68 offers of judgment or encourage private parties to reject early settlements.  A court may deny or reduce a fee award if, among other things, it finds that the prevailing party has unduly and unreasonably protracted the final resolution of the matter or has refused a settlement offer that is at least as favorable to the party as the relief ultimately granted.  A.R.S. § 12-348(C)(1), (3).  Fee awards under § 12-348 are also subject to monetary limits, including the restriction that an award under § 12-348(B) not exceed $30,000 for fees incurred at each level of judicial appeal.  A.R.S. § 12-348(E)(5).

### III.

¶31    Because we hold that a taxpayer who accepts a Rule 68 offer of judgment in the taxpayer's favor is eligible for a fee award under A.R.S. § 12-348(B), we vacate the opinion of the court of appeals and remand this case to the tax court for further proceedings consistent with this opinion.  The tax court shall determine the extent, if any, to which Northpoint should

15

be awarded fees and other expenses under A.R.S. § 12-348(B), (C), and (E) for proceedings before that court. Pursuant to ARCAP 21, we also grant Northpoint's request for an award of attorneys' fees incurred in this Court and the court of appeals.

_____
W. Scott Bales, Justice

CONCURRING:

_____
Ruth V. McGregor, Chief Justice

_____
Rebecca White Berch, Vice Chief Justice

_____
Michael D. Ryan, Justice

_____
Andrew D. Hurwitz, Justice