NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ROGERS BORGES, *Plaintiff/Appellant,*

*v.*

MARIBEL DEL CARMEN ROMO CHAVEZ, *Defendant/Appellee.*

No. 1 CA-CV 21-0253
FILED 12-9-2021

Appeal from the Superior Court in Maricopa County
No. CV2019-054802
The Honorable Jacki Ireland, Judge *Pro Tempore*
The Honorable Sally Schneider Duncan, Judge

**AFFIRMED IN PART; VACATED IN PART**

APPEARANCES

Rogers Borges, Phoenix
*Plaintiff/Appellant*

---

**MEMORANDUM DECISION**

---

Judge Maurice Portley[1] delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Samuel A. Thumma joined.

---

**P O R T L E Y**, Judge:

¶1 Rogers Geremay Borges Pupillo ("Borges") appeals the dismissal of his civil complaint against Maribel Del Carmen Romo Chavez ("Chavez"). For the following reasons, we affirm the dismissal of the complaint, but we vacate the superior court's order rejecting Borges' notice of appeal.

**FACTS AND PROCEDURAL HISTORY**

¶2 Borges and Chavez lived together and were engaged to be married. In September 2019, after being in a motorcycle accident with resulting serious head injuries, Borges was hospitalized. Unfortunately, Chavez ended their engagement and relationship while Borges was in the hospital.

¶3 In November 2019, Borges filed a complaint against Chavez, seeking the return of an engagement ring and various other property he gave her, and money. The case was subject to compulsory arbitration, and after a hearing, the arbitrator issued an award ordering Chavez to return the ring and some other property to Borges. Chavez timely appealed from the award. In November 2020, at a hearing where both parties (who were self-represented) were present, the court scheduled an April 2021 jury trial. In February 2021, the court issued a minute entry setting a scheduling/status conference via Microsoft Teams "to discuss trial setting dates." The conference was set for 9:00 a.m. on March 15, 2021. The minute entry included the following warning to the parties: "If there is a failure to appear, the Court may make such orders as are just, including granting the relief requested by the party who does appear."

---

[1] The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

¶4            Borges failed to timely appear for the 9:00 a.m. March 15 scheduling conference, and at 9:07 a.m., the superior court found he had "failed to appear with no good cause" and dismissed his complaint. Starting later that morning, Borges sent a series of emails to the court attempting to resurrect his case.  He did not, however, file a motion for reconsideration nor a motion to set aside the judgment.

¶5            The court entered a final judgment dismissing the case the next morning.  *See* Ariz. R. Civ. P. 54(c).

## JURISDICTION

¶6            Although no one has raised the issue, we have an independent obligation to determine whether we have jurisdiction over an appeal. *Dabrowski v. Bartlett*, 246 Ariz. 504, 511, ¶ 13 (App. 2019).  We must dismiss an appeal if we lack appellate jurisdiction.  *Id.*

¶7            After Borges filed a timely notice of appeal, the superior court issued an order "rejecting" Borges' notice of appeal "for non-compliance with the Rules of Appellate Procedure."  Any decision as to appealability of an order, or the effectiveness of a notice of appeal, is for this court to decide.  *See Schultz v. Hinshaw*, 18 Ariz. App. 557, 558 (1972).  We therefore vacate the superior court's order rejecting Borges' notice of appeal.  *See id.*

¶8            Additionally, in dismissing the complaint, the superior court did not say whether the dismissal was with or without prejudice, and it is clear that the statute of limitations had not yet run on Borges' complaint. *See* Ariz. Rev. Stat. ("A.R.S.") § 12-543(1) (providing a three-year statute of limitations on actions "[f]or debt where the indebtedness is not evidenced by a contract in writing").  A judgment dismissing a complaint without prejudice generally is not appealable, *Workman v. Verde Wellness Ctr., Inc.*, 240 Ariz. 597, 600, ¶ 7 (App. 2016), because it does not bar the plaintiff from refiling the action, *Union Interchange, Inc. v. Van Aalsburg*, 102 Ariz. 461, 464 (1967).  A dismissal that technically is without prejudice can be appealable, however, if it results in finality.  *Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 7, ¶ 19 (App. 2018).

¶9            If the plaintiff fails to prosecute or to comply with the Arizona Rules of Civil Procedure or a court order, the defendant may move to dismiss the action, and unless the dismissal order states otherwise, such a dismissal "operates as an adjudication on the merits."  Ariz. R. Civ. P. 41(b). "[C]ourts often describe a judgment as being 'on the merits' if it finally resolves an action in a manner that precludes later relitigation of the claims involved."  *4501 Northpoint LP v. Maricopa Cnty.*, 212 Ariz. 98, 101, ¶ 16

(2006) (citing *Gould v. Soto*, 14 Ariz. 558, 561-62 (1913); Restatement (Second) of Judgments ("Restatement") § 19 cmt. a (1982)). "Such a judgment may result from an actual trial on the substantive issues[,] but it need not do so." *Id.* (citing Restatement § 19 cmt. a). An appealable final judgment is a judgment that decides and disposes of a case on its merits, leaving no question open for judicial determination. *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 146, ¶ 14 (App. 2009) (citations omitted). The superior court's final judgment in this case left all issues before the court decided, leaving no open questions for subsequent determination by the superior court. Accordingly, we have jurisdiction under A.R.S. § 12-2101(A)(1).

## ANALYSIS

### I.      *Chavez' Failure to File an Answering Brief*

**¶10**          Chavez did not file an answering brief, and this court issued an order submitting the appeal for decision on the record and the opening brief. Although this court has discretion to consider Chavez' failure to file an appropriate answering brief as conceding error, *see* ARCAP 15(a)(2); *Gonzales v. Gonzales*, 134 Ariz. 437, 437 (App. 1982), we decline to do so here, *see, e.g.*, *In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 2 (App. 2002); *Hoffman v. Hoffman*, 4 Ariz. App. 83, 84-85 (1966).

### II.      *Dismissal of Borges' Complaint*

**¶11**          We review the court's dismissal of Borges' complaint for an abuse of discretion. *Slaughter v. Maricopa Cnty.*, 227 Ariz. 323, 326, ¶ 14 (App. 2011); *Troxler v. Holohan*, 9 Ariz. App. 304, 306 (1969) ("[T]he involuntary dismissal of an action pursuant to Rule 41(b) is a matter directed to the sound discretion of the trial court."). "A court abuses its discretion when its ruling is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Henderson v. Henderson*, 241 Ariz. 580, 590, ¶ 31 (App. 2017) (citation and internal quotation marks omitted).

**¶12**          On this record, we cannot say that the superior court abused its discretion requiring reversal. Borges did not properly challenge the dismissal before the judgment was entered nor did he file a motion to set aside the judgment. And in his opening brief, Borges makes no argument that the court erred in dismissing his complaint; instead, his brief recounts his view of the facts, ostensibly as support for his belief that he would have been successful on the merits had a jury trial gone forward. Because Borges does not argue that dismissal was improper, he has waived the issue. *See*

*State ex rel. Montgomery v. Mathis*, 231 Ariz. 103, 124, ¶ 82 (App. 2012); *Belen Loan Inv'rs, LLC v. Bradley*, 231 Ariz. 448, 457, ¶ 22 (App. 2012).

¶13　　　Moreover, the record before us does not clearly identify why Borges was late in contacting the superior court on March 15, 2021. His subsequent emails to the court provide inconsistent explanations for his failure to timely log on to Microsoft Teams, suggesting on the one hand that he had tried to log on before 9:00 a.m. but may have encountered technical difficulties, but at the same time stating he was unsure what time the conference was scheduled to begin and suggesting the court should waive any lateness because of his past diligence. Without more, we cannot say the superior court abused its discretion in dismissing Borges' complaint.

## CONCLUSION

¶14　　　The superior court's order rejecting Borges' notice of appeal is vacated, but the court's judgment dismissing Borges' complaint is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:　AA

5