NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

STEFANIE KUERSCHNER, *Plaintiff/Appellant*,

*v.*

JAMES T. KUERSCHNER, as Trustee of the
Joan F. Kuerschner Irrevocable Trust, *Defendant/Appellee*.[1]

No. 1 CA-CV 25-0871

FILED 05-07-2026

———————————————

Appeal from the Superior Court in Maricopa County
No.  CV2024-019544
The Honorable Adam D. Driggs, Judge

**AFFIRMED**

———————————————

APPEARANCES

Stefanie Kuerschner, Carefree
*Plaintiff/Appellant*

Evans Dukarich LLP, Tempe
By Steven L. Evans, Gary Dukarich, Nicholas J. Kuntz, Michael Malin,
Jeff Boshes
*Counsel for Defendant/Appellee*

---

[1] The caption has been amended to reflect the correct parties on appeal and
shall be used for all future filings in this case.

---

**MEMORANDUM DECISION**

---

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Daniel J. Kiley and Judge Cynthia J. Bailey joined.

---

**W I L L I A M S**, Judge:

**¶1**        Stefanie Kuerschner appeals the superior court's dismissal of her claim under A.R.S. § 33-420 and award of attorneys' fees against her. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        James Kuerschner is the trustee of the Joan F. Kuerschner Irrevocable Trust ("the Trust"). Thomas Kuerschner, James's father, was also a trustee of the Trust before his death in 2021. Stefanie is Thomas's widow.[2]

**¶3**        As fully explained in Stefanie's prior appeals, Thomas's will excluded Stefanie from receiving any assets, but she maintained her community interest in the Scottsdale home they shared. *In re Est. of Kuerschner*, 1 CA-CV 25-0108, 2025 WL 2780806, at *1, ¶¶ 6–8 (Ariz. App. Sept. 30, 2025) (mem. decision). Stefanie filed several claims against Thomas's estate ("the Probate case"), and the superior court rejected them following a trial. *Id.* at *3–4, ¶¶ 20–26. We affirmed that decision on appeal and ordered Stefanie to pay James's (the personal representative of Thomas's estate) appellate attorneys' fees for pursuing meritless claims. *Id.* at *8, ¶¶ 50–51. We also warned Stefanie about providing incorrect citations in her written briefs and omitting record references. *Id.* at *5, ¶¶ 29–30.

**¶4**        After that appeal, Stefanie continued to litigate in the superior court several issues in the Probate case, resulting in sanctions against her. *In re Est. of Kuerschner*, 1 CA-CV 25-0491, 2026 WL 619894, at *1, ¶¶ 5–7 (Ariz. App. Mar. 5, 2026) (mem. decision). We dismissed her appeal of those sanction orders, and imposed additional sanctions against her for again providing incorrect citations and omitting record references. *Id.* at *2, ¶¶ 13–15.

---

[2] Because parties share the same last name, we refer to them by their first names to avoid confusion.

**¶5** In this case, Stefanie brought a claim under A.R.S. § 33-420 against James in his capacity as trustee of the Trust in April 2024, alleging that James had recorded an invalid promissory note in November 2020 creating "a cloud on title" to the Scottsdale home.[3] In May 2024, the superior court dismissed Stefanie's claim with prejudice by stipulation of the parties.

**¶6** In July 2024, Stefanie filed another claim under A.R.S. § 33-420 against James in his capacity as trustee based on the same recording of the same promissory note. On James's motion, the superior court dismissed the complaint—captioned as a "special action"—under Arizona Rule of Civil Procedure ("Rule") 12(b)(6) on claim preclusion grounds. The court also granted James's motion for attorneys' fees and costs under A.R.S. §§ 12-341, -341.01, -349, and 14-1105.

**¶7** Stefanie timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶8** Stefanie argues the superior court erred by dismissing her complaint on claim preclusion grounds under Rule 12(b)(6). She also challenges the court's award of attorneys' fees against her.

### I.  Claim Preclusion

**¶9** Under Rule 12(b)(6), the superior court may dismiss a complaint for "failure to state a claim upon which relief can be granted." We review a dismissal for failure to state a claim under Rule 12(b)(6) de novo. *Shepherd v. Costco Wholesale Corp.*, 250 Ariz. 511, 513, ¶ 11 (2021). Dismissal is appropriate if the claimant is not "entitled to relief under any interpretation of the facts susceptible of proof." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8 (2012). We assume the truth of all well-pled factual allegations in the complaint, but "mere conclusory statements are insufficient to state a claim upon which relief can be granted." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008).

**¶10** Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action resulting in a final judgment." *Quinn v. Cardenas*, 256 Ariz. 77, 83, ¶ 21 (App.

---

[3] The materials from Stefanie's April 2024 action are not in the record for this case, but we take judicial notice of them. *See In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4 (App. 2000) (explaining that an appellate court may take judicial notice of other actions heard in the same court).

2023) (citation modified). Claim preclusion has three elements: "(1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits." *In re Gen. Adjudication of All Rts. to Use Water in Gila River Sys. & Source*, 212 Ariz. 64, 69–70, ¶ 14 (2006).

**¶11** Identity of claims exists when two claims are "based on the [same] transaction or series of transactions . . . considering whether the facts are related in time, space, origin, or motivation." *Crosby-Garbotz v. Fell*, 246 Ariz. 54, 59, ¶ 19 (2019) (citation modified). A final judgment may "be on the merits and thus have claim preclusive effect when it results from the stipulation of the parties." *4501 Northpoint LP v. Maricopa Cnty.*, 212 Ariz. 98, 101, ¶ 17 (2006) (citation modified). We review the preclusive effect of a prior judgment de novo. *Howell v. Hodap*, 221 Ariz. 543, 546, ¶ 17 (App. 2009).

**¶12** Here, both of Stefanie's claims were brought as special actions under A.R.S. § 33-420. Both claims arose out of the same transaction—the November 2020 recordation of the challenged promissory note. Stefanie argues that her claims are not the same because she alleges new or ongoing harms arising out of the recordation of the note, but the fact remains that she does not allege any new harmful conduct or transaction outside of the November 2020 recordation. The first element of claim preclusion is therefore met because both claims arise out of the recordation of the promissory note.

**¶13** Because the parties stipulated to a dismissal with prejudice in the first action, that dismissal is a final judgment on the merits with preclusive effect. *See 4501 Northpoint LP*, 212 Ariz. at 101, ¶ 17. And though Stefanie maintains she sued James in the first suit "as Personal Representative of his mother Joan's estate, or possibly in an individual capacity regarding marital/community property issues," both complaints clearly identify Stefanie as the plaintiff and James as trustee of the Trust as the defendant. The second and third elements of claim preclusion are therefore satisfied. Accordingly, the superior court correctly dismissed the underlying action based on claim preclusion grounds.

## II. Attorneys' Fees

**¶14** Stefanie next challenges the award of attorneys' fees assessed against her. We note that the superior court's order granting James's request for attorneys' fees did not specifically identify the statutory bases

for the award. However, James's request, as granted by the court, cited A.R.S. §§ 12-341, -341.01, -349, and 14-1105. Stefanie's primary argument surrounding attorneys' fees is that the court did not make the requisite findings that she "acted in bad faith or that her claim was frivolous." Thus, we construe her argument as a challenge to the court's award of attorneys' fees under A.R.S. § 12-349, which governs awards of attorneys' fees for groundless claims not made in good faith.

¶15            "Review of an attorney fees award under § 12-349 presents a mixed question of fact and law. We defer to a trial court's findings of fact unless clearly erroneous, but we review the court's interpretation and application of the fees statute de novo." *Ariz. Republican Party v. Richer*, 257 Ariz. 237, 242, ¶ 10 (2024).

¶16            A court "must issue an award of attorney fees whenever an attorney or party is proven, by a preponderance of the evidence, to have engaged in the enumerated conduct" listed in A.R.S. § 12-349. *Id.* at 242, ¶ 9. Fees must be awarded if a party, as relevant here, "[b]rings or defends a claim without substantial justification." A.R.S. § 12-349(A)(1). "'[W]ithout substantial justification' means that the claim or defense is groundless and is not made in good faith." A.R.S. § 12-349(F).

¶17            A claim is groundless for purposes of A.R.S. § 12-349 "if the proponent can present no rational argument based upon the evidence or law in support of that claim." *Rogone v. Correia*, 236 Ariz. 43, 50, ¶ 22 (App. 2014) (citation modified). Whether a claim is groundless is viewed through an objective lens, without regard to the claimant's subjective beliefs. *Richer*, 257 Ariz. at 243, ¶ 15. "A claim is not made in good faith if (1) it is groundless and (2) the party or attorney knows or should know that it is groundless, or is indifferent to its groundlessness, but pursues it anyway." *Id.* at 248, ¶ 38 (citation modified).

¶18            A court awarding fees under A.R.S. § 12-349 must "set forth the specific reasons for the award." A.R.S. § 12-350. Stefanie appears to argue the court did not fulfill this mandate, and that in any event, her claim was not groundless and was made in good faith. We disagree.

¶19            "[T]he failure of a party to object to the lack of findings of fact and conclusions of law in making awards of attorneys' fees under . . . § 12-349 precludes that party from raising the absence of findings as error on appeal." *Trantor v. Fredrikson*, 179 Ariz. 299, 301 (1994). Stefanie did not object to the lack of findings supporting the attorneys' fee award in superior court. As such, she has waived this argument on appeal.

**¶20** Even if she had not waived the argument, her argument still fails. In awarding attorneys' fees, the superior court found that Stefanie's prior and current complaints "contain[ed] numerous identical allegations," "all concern[ed] the same transaction," and that the majority of "the prayers for relief are nearly identical." These findings support that Stefanie's claim was groundless because there is "no rational argument" that such duplicitous filings were not clearly barred by claim preclusion. *See Rogone*, 236 Ariz. at 50, ¶ 22. Stefanie knew or should have known her July 2024 filing was precluded because she stipulated to dismissing her April 2024 complaint with prejudice, which arose from the same recording of the same promissory note. But she did not pursue her second claim in good faith. *See Richer*, 257 Ariz. at 248, ¶ 38. The superior court appropriately awarded attorneys' fees under A.R.S. § 12-349.

**¶21** James requests his attorneys' fees on appeal under A.R.S. § 12-349. Because we conclude Stefanie's claim was groundless and not made in good faith, we grant James's request for reasonable fees and costs upon compliance with ARCAP 21.

**CONCLUSION**

**¶22** We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR

6